---
Tudor v. White.
---

### Henry Tudor v. Samuel A. White.

Third parties cannot be affected by mere secret and private agreements between the members of a firm by which they dissolve their connection.

When they have held themselves out to the public as partners, and authorized others to contract and deal with them upon the faith of their joint liability, those who thus deal with them are authorized to act upon the presumption that such relation continues until notice is given of the dissolution of the partnership, or such facts are shown as will raise the presumption that it was known.

Whether a party, who deals with one member of a firm upon the credit or in the name of the firm after it has been dissolved, had either actual or constructive notice of such dissolution, is a question of fact and must be determined by a jury.

Appeal from Victoria. Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court, reversed and remanded, and reported in 24 Tex. R., p. 639.

The only additional evidence introduced on the second trial in the court below was the deposition of Ashworth taken the second time, the substance of which is stated in the opinion of the court on the appeal. The plaintiff, having read in evidence the first and second set of depositions of the witness Ashworth, offered to read the note sued on. To the reading of which the defendant objected and the court sustained his objection. To which ruling the plaintiff excepted.

There was a verdict and judgment for defendant. A new trial was refused and the plaintiff appealed. The other facts are fully stated in the reported case.

*A. H. Phillips,* for appellants.

Moore, J.—The note upon which this suit is founded was executed by James Ashworth, in the name of S. A. White & Co., on the 6th of September, 1852. The deposition of Ashworth in the record, when this case was before the court on a former appeal,

stated, that the partnership between White and himself was dissolved on the 1st of August, 1852, and that the note was given after the dissolution of the partnership, in settlement of a debt previously contracted by the firm, and while he was solely engaged in settling the partnership business. Upon this state of facts, it is incidentally remarked in the opinion of the court, "that there is nothing in the evidence, from which the inference can be drawn, that the plaintiff, Tudor, did not know of the dissolution of the partnership between White and Ashworth, at the time the dissolution took place, or before the execution of the note sued on." (24 Tex., 639.) This, however, was not the point upon which the case was disposed of at that time, and it is very plain that nothing more was intended by this observation than to intimate the opinion, that upon the facts then before the court it was to be inferred that Tudor knew, at the time he received the note, that the partnership between White and Ashworth had been dissolved. When the case went back to the District Court Ashworth's deposition was again taken, and he then states that the partnership was dissolved about the 1st of September, 1852, that the only notice given of it which he could recollect was by a letter from himself to White, and that he did not know that Tudor knew of the dissolution of the partnership between himself and White. These facts clearly show the inapplicability of the observation which we have quoted from the former opinion of this court, to the case as it is now presented.

That third parties cannot be affected by mere secret and private agreements between the members of a firm, by which they dissolve their connection, is an elementary principle. When they have held themselves out to the public as partners, and authorized others to contract and deal with them upon the faith of their joint liability, those who have dealt with them as partners are authorized to act upon the presumption that such relation continues, until notice is given of the dissolution of the partnership, or such facts are shown as authorize the presumption that it was known. Whether a party who deals with one member of a firm upon the credit or in the name of the firm after it has been dissolved, had either actual or constructive notice of such dissolution is a question

of fact, and is to be determined as all other questions of this kind by the jury, subject of course to the instructions of the court defining the constituents or legal elements constituting notice. It cannot be said, as this case is now presented to us, that, "there is nothing in the evidence, from which the inference can be drawn, that the plaintiff, Tudor, did not know of the dissolution of the partnership between White and Ashworth, at the time the dissolution took place, or before the execution of the note sued on." The court below, however, assumed that such was the fact, and excluded from the jury the note upon which the suit is founded, which necessarily resulted in a verdict against the plaintiff.

The judgment is reversed and the cause remanded.

Reversed and remanded.