## S. A. WHITE *v.* HENRY TUDOR.

1.—White, being sued on a note purporting to have been made by White & Co., a firm of which he had been a member, denied the execution of the note by a sworn plea of *non est factum.* It was proved that, after the dissolution of the firm, the note was executed by one A., who had been a member of it, and who settled up its affairs after the dissolution ; and that the consideration of the note was the building of a warehouse for the firm, but on the individual land of White, who held the house as his individual property after the dissolution. No public notice of the dissolution was given, nor was it proved that the plaintiff knew of the dissolution when he received the note, but there was evidence that it was then generally known in the small town where all parties lived. *Held,* that although the suit was on the note, and it was invalidated as evidence by the plea, yet the allegation of indebtedness in the petition was sufficient to let in other evidence to show that the consideration of the note enured to the sole benefit of White, and was furnished with his consent, whereby he became equitably liable for the amount. And *held further,* that under our mixed system of law and equity, it was legitimate to render judgment against White on the equitable liability, although the suit was founded on the note and not on the consideration of it.

APPEAL from Victoria. Tried below before the Hon. Wesley Ogden.

This is the third appearance of this cause in the Supreme Court. The two former appeals are reported in 24th Texas, 639, and 27th Texas, 584.

The note sued on was for $75 33, and was made on the 6th of September, 1852. The same evidence adduced by plaintiff on the former trials was again introduced at the present one. Ashworth, one of the former firm of S. A. White & Co., proved that the firm was dissolved in August, or about the first of September, 1852 ; but that he, by the verbal or tacit consent of the other partners, continued to settle up this business ; that he gave to the plaintiff the note sued on in settlement for the building of a warehouse for the use of the firm, but that the house was on White's lot, and "fell back" to White

on the dissolution. Witness could not say whether White knew of the execution of the note at the time, but witness had, after the dissolution, given other notes in the firm name on settlement of its business, and White had never repudiated his authority to do so, although, on the other hand, he could not say that White had ever expressly recognized his authority thus to give the firm notes.

The defendant, on the present trial, introduced the deposition of H. S. Cunningham, who testified that he went into the employment of defendant, as a clerk, on or about the 9th of August, 1852; that the partnership of S. A. White & Co. had then been dissolved; did not know of any public notice of the dissolution, nor whether Tudor knew of it; but it was generally known in Indianola, where the business had been carried on, and where Tudor lived.

Simon, a freedman, testified for defendant, that he was working for S. A. White & Co., on the wharf, at the time Tudor built an addition to their warehouse; could not tell who furnished the lumber, but the firm then had suitable lumber for sale on commission.

The note was admitted in evidence for the plaintiff over the objection of the defendant, who excepted to the ruling.

Being refused a new trial, the defendant appeals.

*Spencer & Stewart,* for the appellant.—The parties below on the late trial waived a jury and submitted the case to the court, and it is believed that the additional evidence introduced by the defendant establishes the fact beyond a reasonable doubt that the appellee, Tudor, knew that the copartnership of S. A. White & Co. was dissolved at the time of the execution of the note sued on. The plaintiff's own witness, Ashworth, in his deposition, establishes the fact that the copartnership was dissolved some time before the execution of the note, and the defendant's witness, Cunningham, says that he became a clerk for White on the 9th of August, 1852, and that the partnership at that time had been dissolved, and there is no evidence

showing that Ashworth remained in the building after witness commenced to clerk for White, and said witness says that the appellee, Tudor, was a carpenter by trade and then (August 9, 1852,) was working at his trade and boarding about half a mile from the warehouse, and that it was *generally known about town* that the firm of S. A. White & Co. was dissolved. These facts of general notoriety of the dissolution are abundantly sufficient to charge the appellee, Tudor, with notice of the dissolution. The court below, therefore, erred in rendering judgment upon the facts against appellant. The court in the case of the same parties, Tudor v. White, 27 Texas, p. 585, say that the partnership continues until "*such facts are shown as authorize the presumption that it was known*" that the partnership had been dissolved, and on the same page the court say that "*constructive notice*" of dissolution is sufficient.

*A. H. Phillips,* for the appellee.—This case was originally brought before a justice of the peace, and a judgment rendered in favor of the plaintiff, Tudor. The defendant, White, removed the case to the District Court by *certiorari.* The plaintiff again obtained judgment, and the defendant appealed. The result of this appeal is reported in 24th Tex., p. 641, White v. Tudor. In that appeal the defendant, White, placed his defense on the ground that the note sued on was executed "after the dissolution of the partnership," and hence could not bind the firm. The plaintiff, Tudor, contended that this defense could not avail, unless it was also shown "that *notice* of the dissolution had been given; and that it devolved on the party setting up that defense to establish the fact of the notice; that the *onus probandi* was on White, the defendant." On this point the court say:

"There is nothing in the evidence from which the inference can be drawn that the plaintiff, Tudor, did not know of the dissolution of the partnership between White & Ashworth at the time the dissolution took place, or before the execution of the note sued on."

On the question of the admissibility of Ashworth's testimony, the court say:

"The court below did not err in admitting the testimony of Ashworth." And on this point they refer to 3 Phillips' Ev., 398, last ed.; Blackett v. Weir, Barn. & Cres., 385; Hudson v. Robinson, 4 Maule and Selwyn, 475.

The case was reversed, as it seems, for the reason stated in the opinion, "that there was nothing in the evidence from which the inference can be drawn that the plaintiff, Tudor, did not have notice," etc.

Before the next trial in the District Court, the plaintiff, Tudor, took the deposition of Ashworth the second time, and in answer to the first interrogatory, he says: "I do not recollect of giving any public notice of the dissolution, except to Mr. White, and that by letter."

On the trial the court below ruled out the note as evidence, and the plaintiff appealed.

The result of this appeal is reported in 27th Texas, p. 584.

In the opinion the court say : " That third parties can not be affected by mere secret and private agreements between the members of a firm, by which they dissolve their connection, is an elementary principle. When they have held themselves out to the public as partners, and authorized others to contract and deal with them upon the faith of their joint liability, those who have dealt with them as partners are authorized to act upon the presumption that such relation continues until notice is given of the dissolution of the partnership, or such facts are shown as authorize the presumption that it was known." The cause was reversed and remanded. It is now before this court, after another judgment for the plaintiff in the District Court, rendered there, it is believed, in entire conformity with the opinion of the court reported in 27th Texas, p. 384. The evidence on the part of the plaintiff, Tudor, was the same, showing that there was no notice of the dissolution of the partnership.

The witness, Cunningham, also states that Ashworth con-

tinued in the same house, attending to the business of S. A. White & Co., after the private dissolution, thus naturally deceiving those who had business with the firm. An affirmance of the judgment is respectfully asked. Delay is also suggested and damages asked therefor.

Lɪɴᴅsᴀʏ, J.—From what is exhibited by this record, the principles of equity alone should have been, and in fact were invoked in the determination of this controversy, rather than the strict rules of law.

It is true the petition was founded upon a note, which was alleged to be the evidence of indebtedness of appellant, as a partner with others, to the appellee; and which, by the plea of *non est factum*, with the proof in support of it, totally nullified the note sued upon, as an instrument of evidence to establish presumptively his indebtedness. Yet, the allegation in the petition that the indebtedness by the appellant and company to the appellee was subsisting, was still sufficient to let in the proof of the nature of that indebtedness; and that *ex equo et bono* the appellant ought to pay it. That proof was adduced, and the determination of the court, without the intervention of a jury, was an equitable decree that it should be paid. If the petition had been called a bill in equity, and the same proof had been introduced, upon its production, or at least upon final hearing, the petition, as a mere bill, would have been dismissed as to the other parties brought in under the word company, or "Co.," and a final decree pronounced against the appellant for the amount due. Such a result or determination, is perfectly legitimate under our system of remedial justice. From the proof, the consideration of the reputed note, which in strict law was a nullity, enured solely to the benefit of the appellant, and was furnished with his tacit consent; or, at least, with his knowledge and silent acquiescence; and it would be inequitable for him to enjoy the fruits of another's labor without compensation. Nothing appears in this record showing that the statute of limitation was plead; and this

court does not feel inclined to foist it in, especially in a case like the present. Acting as a chancellor, when not constrained by rigid rules of law, the judge has pronounced a just decree; and it is hoped this third appearance of the cause before this court will be the last. The judgment is affirmed.

Affirmed.