WILLIAM DAVIS ET AL. V. J. P. WILLIS ET AL.

1. NON EST FACTUM—EVIDENCE—PRACTICE.—When *non est factum* is pleaded to a note for which a recovery is sought, the plaintiff is not restricted by the plea or the practice of the courts to a particular order for the introduction of the testimony, on which he relies to prove the execution of the note. If the plaintiff proves all the facts necessary to make out his case, the defendant cannot complain of the order in which the evidence is presented to the jury, unless it can be shown that the order in which it was introduced, tended to mislead and embarrass the jury.

2. NON EST FACTUM—PARTNERSHIP—PARTIES—NOTICE—PROMISSORY NOTE.—The holder of a promissory note, to which *non est factum* was pleaded, established, by evidence, that D. C. H. & H., by whom the notes purported to have been executed, had been partners until within a few months before the date of the note; that in carrying on their partnership, they had many dealings with the plaintiff to whom the notes purported to have been executed; that they were indebted to plaintiff on open account to the amount for which the note was given; that the note was executed by C., in the name of the firm of D. C. H. & H., in settlement of partnership accounts : *Held*—

    1. That facts were sufficient to warrant the inference that the partnership was continuing at the date of the note, and consequently to prove, *prima facie*, its execution by each and all the members of the firm by C.

    2. While it is true that after the dissolution of a partnership, the members thereof cannot create obligations which will bind the firm, or change the character or form of those already existing, still it devolves on them to give actual notice to those with whom the firm has had dealings; and any act done within the scope of the partnership, by one of the members after its dissolution, and before actual notice of dissolution to those with whom said firm had been dealing, is binding upon all the members of such firm.

3. Partnership notes import, at law—although it is otherwise in equity—a joint, and not a joint and several obligation.

4. As it is for the interest of the defendant, and not an absolute requirement of the law, that actions upon such contracts should be brought in general against all of the joint contractors, yet if defendants, who are sued, fail to take advantage of the omission in due time, and in the proper manner to enforce their right. they cannot afterwards complain.

5. The non-joinder of a joint obligor as defendant, should be pleaded in abatement, unless it appears in the petition that the party omitted is living, in which case a formal plea in abatement is unnecessary, as it would only be a reiteration of matter alleged by the plaintiff.

6. When the non-joinder of a joint obligor as defendant is, by the petition, alleged to be on account of the death of such joint obligor, and he is in fact living, the non-joinder cannot be taken advantage of by the defendants who are sued, except by pleading in abatement the fact that he is living.

APPEAL from Robertson. Tried below before the Hon. John B. Rector.

P. J. Willis *et al.* brought suit against William Davis and James S.. Hanna, upon two promissory notes; one for the sum of $250, bearing date the 6th of November, A. D. 1860, and the other for $2,150, dated June 6, 1861. Each of said notes was signed by the firm name of Davis, Calvert, Hanna & Hardy. The items of indebtedness of the firm were set out in the petition, for which the notes were executed, but recovery was not sought on said account, the same being barred by the law of limitation. The action was brought on the notes, and the recovery was had on the notes, with interest to date of the judgment.

The petition set out the names of the parties who composed the firm of Davis, Calvert, Hanna & Hardy, but did not join Hardy, one of said partners, nor the representatives of Robert Calvert, deceased, but was against Davis and Hanna, and sought to recover from them the amount of said notes.

Davis and Hanna answered by pleas of non-joinder of necessary parties defendants, denying that Hardy was dead,

but alleging that he still lived in Brazos county; and further, *non est factum* as to the last-mentioned note, and denying existence of the partnership at the date of its execution. The evidence was, that the firm name was signed to the note after the dissolution of the firm, by Robert Calvert, deceased, and without special authority being shown from the appellants.

The verdict was for the plaintiff on both of said notes, and the court rendered thereon judgment against Davis and Hanna, from which they appealed.

The court, amongst other instructions to the jury, on the trial below, gave the following, viz: "At the dissolution of a partnership, the members thereof cannot create obligations which will bind the firm, or change the character or form of those already existing, but it devolves upon them to give actual notice to those with whom such firm has been dealing; and any act, done within the scope of the partnership, by one of the members, after its dissolution and before actual notice to those with whom such firm has been dealing, is binding upon all the members of such firm."

*Davis & Beall*, for appellant.—The notes sued on are by their very terms joint, and not several obligations; and we insist that all of the joint obligors are necessary parties to the suit. (See 2 Strange, 1146; 11 Vt., 290; 3 Vt., 160; Dallam, 453; 16 Tex., 408; 1 Daniel, 269.)

Can a suit be maintained against a partnership without making all the copartners defendants, whose names are set forth in the plaintiff's petition? We think not, and respectfully refer the court to the following authorities: Parsons on Part., 492; Story on Part., secs. 221, 449; Collyer on Part., sec. 391 and note; 1 Dan. Ch. Pr., 267–269, 4th ed.; Story's Eq. Prac., secs. 166, 167, 168.

In the case of Fuller *v.* Benjamin, 23 Maine, 255, it was held, that in equity all the members of the partnership must be made parties in the bill, or it cannot be sustained. In Page *v.* Brant, 18 Ill., 37, it is held, that when a plea sets forth

the names of other persons as being partners with the defendants, and such plea is proved, no recovery can be had against the parties sued. In the case of Harris *v.* Schultz, 40 Barb., 316, the court held that where partners sell property of another on account, and fail to pay over the purchase-money, the suit for the money must be brought against all the partners, as it was founded upon contract. In the case at bar, the proof shows that the partnership of Davis, Calvert, Hanna & Hardy existed for the purpose of carrying out a contract for the construction of earthworks on the Houston and Texas Central Railroad, and we submit, as joint obligors and partners under such contract, they could not have been sued separately as individuals, nor could they be sued separately on a note executed in their firm name. It has been held, that a company formed to construct the West Feliciana Railroad is an ordinary partnership, and all the partners must be sued as defendants. (14 La., 364; 15 La., 139, 153; 5 R. I., 154.)

Without citation of authorities at greater length from other States, we submit that the question is decisively settled by the case of Speake *v.* Prewitt, 6 Tex., 258.

It is maintained by the appellees, that this suit lay against each and all of the partners on this obligation; "that their contract, evidenced by the note sued on, was in law and equity joint and several;" and refer to Gaut *v.* Reed, 24 Tex., 56; Forbes *v.* Davis, 18 Tex., 274, and Horton *v.* Wheeler, 17 Tex., 57, and say, "that the last case is decisive of both points; first, that Davis & Hanna could be sued on the note, whether joint or several, and that it was not necessary to join Hardy with them."

In the eighth assignment, we say, "The court erred in permitting an individual judgment to be rendered against the defendants, under the pleadings in said cause."

In support of this proposition, we refer to act of fifth of February, 1858. (Paschal's Dig., 376.) As the judgment could only have been sustained against them as partners, they having never executed the notes, nor authorized any

one to execute the same for them, the judgment should have been against the partnership, and been enforced against the partnership property. The statute provides expressly, that where only some of the partners are served, " the judgment rendered in such case shall only be enforced against the partnership property and the separate property of the partner who may have been served." We insist that if this judgment against Davis and Hanna, being an individual judgment, should be levied upon partnership property, the execution could be properly enjoined by Hardy. It is not against him, nor against the firm of which he is a member, and certainly cannot subject to forced sale, property in which he may have an interest. This being so, it certainly would operate great injustice to suffer this judgment to be enforced against the separate property of the partners, Davis and Hanna, in palpable violation of the spirit and letter of the statute. In Adkins *v*. Stone, 33 Tex., 439, the court say: " It was error to allow an individual judgment against one of the partners in action against the partnership in the firm name."

*Aycock & Hamman*, for appellees.

I. The court did not err in permitting the note for $2,160.23 to be read in evidence. The suit is against Wm. Davis and J. S. Hanna, who were members of the firm of Davis, Calvert, Hanna & Hardy, upon their individual liability to pay the debts of that firm. They pleaded "*non est factum*." This made it necessary to prove the actual execution of the note, as well as such other facts as rendered the defendants liable. But the court could allow each separate fact to be proved separately, and in such order as it pleased, so that facts enough to fix the liability were proved by the plaintiff before he closed his case. That is precisely what was done. Now, there is no law to prevent such a practice. (Greenl. Ev., vol. 1, sec. 51; Rains *v*. Hood, 23 Tex., 557, 558; Philadelphia & Trenton R. R. Co. *v*. Stimpson, 14 Pet., 448; Wood *v*. United States, 16 Pet., 342.)

II. The court did not err in its general charge. (White *v.* Tudor, 27 Tex., 584; 2 McL., 458; 2 Pet., 186; Collyer on Part., 62, 310, 311; Story on Part., secs. 160–162; Gow on Part., ch. 5, sec. 2, 248–251.)

We refer the court to the following authorities on the position, that no new trial should be granted because the verdict is not manifestly contrary to the evidence; because it is not without evidence to support it; because it cannot be said, when there is really a conflict in the testimony, that the jury have erred, who are peculiarly judges of the weight of conflicting testimony—especially if the justice of the case had been reached: Briscoe *v.* Bronaugh, 1 Tex., 340; Perry *v.* Robinson, 2 Tex., 490; Legg *v.* McNeill, 2 Tex., 428; Hall *v.* Hodge, 2 Tex., 323; Edrington *v.* Kiger, 4 Tex., 93; Carter *v.* Carter, 5 Tex., 93; Davidson *v.* Edgar, 5 Tex., 492; Ables *v.* Donley, 8 Tex., 331; Chevaillier *v.* Denson, 8 Tex., 439; Long *v.* Steiger, 8 Tex., 460; Latham *v.* Selkirk, 11 Tex., 321; Oliver *v.* Chapman, 15 Tex., 410; Stewart *v.* Hamilton, 19 Tex., 96; Montgomery *v.* Culton, 23 Tex., 156; Anderson *v.* Anderson, 23 Tex., 639; Baldridge *v.* Gordon, 24 Tex., 288; Adams *v.* George, 25 Tex. Supp., 374; Crawford *v.* French, 25 Tex. Supp., 436; Powell *v.* Haley, 28 Tex., 53; Swinney *v.* Booth, 28 Tex., 113; Davis *v.* Terry, 33 Tex., 426.

MOORE ASSOCIATE JUSTICE.—The plea of *non est factum* imposed upon the plaintiffs the necessity of proving the execution of the note thus impeached by the defendants, to entitle them to a judgment upon it. But, while it was necessary to prove the due execution of the note by the defendants, or by their authority, the plaintiffs were not restricted by the plea or the practice of the court to a particular order for the introduction of the testimony upon which they relied to prove its execution and establish defendants' liability for its payment. While it evidently seems more methodical, and in stricter accordance with its natural sequence, to introduce evidence

tending to show the execution of the note by the defendants, and its obligatory force as to them, before the note is allowed to go to the jury, it is unquestionably within the discretion of the court to permit the introduction of the evidence in a different manner. If the plaintiffs prove all the facts which are requisite to make out their case, the defendants have no right to complain of the order in which the evidence to establish their liability has been presented to the jury. This is merely a matter of practice, and may be regulated and controlled by the court, according to its discretion. And, unless it clearly appears that the order or manner in which the evidence went to the jury, tended in some way to mislead or embarrass them in regard to it, this court will not interfere or attempt to control the District Court in the exercise of its discretion in such matters.

The plaintiffs in the court below proved that Davis, Calvert, Hanna and Hardy had been partners until within a few months before the date of the note; that in carrying on the partnership business they had considerable dealings with plaintiffs' firm, and that they were justly indebted to plaintiffs' firm by open account to the amount for which said note was given; and that said note was executed in the name of the firm of which defendants were partners, in settlement of this account, by Calvert, one of its members. These facts, in our opinion, are sufficient, if not rebutted, to warrant the inference of the continuance of the partnership to the date of the note, and consequently to prove, *prima facie*, its execution by each and all of the members of the firm, by Calvert. The court, therefore, did not err in overruling the objection of the defendants to the reading of the note to the jury.

But if the evidence of the plaintiffs did not show, with sufficient clearness and certainty, Calvert's authority to bind defendants by giving a partnership note in settlement of the account at the date of its execution, this deficiency was fully supplied by the evidence of the defendants. And, therefore, if it could be said that the court erred in permitting the note

to be read to the jury, on the testimony adduced by plaintiffs, to prove its execution, the evidence for the defendants, and also that introduced in a subsequent stage of the case by the plaintiffs, show it to have been an immaterial error, and one which has resulted in no injury to appellants. For if there was any deficiency in the original evidence of the plaintiffs, it was fully supplied by that of the defendants and by plaintiffs in rebuttal; from which it clearly appears that although the partnership of Davis, Calvert, Hanna & Hardy had been dissolved a few months before the note was given, no publication of the dissolution of the partnership was made, and that no notice of it whatever was given to plaintiffs. And although there was evidence from which it is argued that plaintiffs must have known of the dissolution of defendants' firm previous to the execution of the note by Calvert, this fact certainly affords no support to the objection to reading the note in evidence, or, as we may here remark, to the exception to the charge given by the court on this point.

The rule, by which the jury were instructed that they should be guided in determining whether the note executed to plaintiffs' firm by Calvert was binding upon defendants, is believed to be in strict conformity with the law as held by this court in the case of White *v.* Tudor, 23 Tex., 641; Id., 27 Tex., 585, and is fully supported by the authority of all the standard commentators, as well as the unbroken current of decisions upon the subject by the courts elsewhere. (Pars. on Part., 441; 1 Daniel on Negotiable Instruments, sec. 375; Pars. on Notes and Bills, 120.)

The only other error which has been discussed by counsel for appellants which we deem it material to consider, is that calling in question the validity of the judgment from the non-joinder in the action of all the surviving members of the firm by whom the notes sued upon were given.

It is an elementary principle, as to which there can be no ground for controversy, that partnership notes import at

law—although it is otherwise in equity—a joint, and not a joint and several obligation. (1 Pars. on Notes and Bills, 136; Robertson *v.* Smith, 18 Johns., 459; Ward *v.* Johnson, 13 Mass., 148; Trafton *v.* U. S. 3 St. C. C. R., 646.)

And it is, generally speaking, a fundamental rule, where an action at law is brought upon joint notes or obligations, that all the joint contractors should be made defendants, and that plaintiffs may be compelled to join them all, if advantage be taken of the omission to do so in due time and by a proper plea. That we may determine the time and manner in which this must be done, we must bear in mind that although the promise or undertaking is joint, yet each of such obligors or contractors is bound for the full and entire performance of the contract or undertaking for which he is thus bound. And while, generally speaking, all of the obligors or contractors should be joined in the action, this general rule is not without exception at common law as well as by the statute. Therefore it cannot be said, although it may appear upon the face of the declaration or petition that all of the joint contractors have not been sued, and no good and sufficient reason is given for not joining the others, that the plaintiffs have not stated or shown a valid cause of action or ground for a recovery against the defendants who are sued. And if, in fact, there is no good ground for the failure to sue those who are not made parties, as those who are sued are bound for the entire contract, they may certainly, if they choose to do so, waive their right to have the other parties joined in the suit. As it is for the interest of the defendants, and not an absolute requirement of law, that actions upon such contracts are to be brought in general against all of the joint contractors, if they fail to take advantage of the omission in due time, and in the proper manner to enforce their right, they cannot afterwards complain.

It is a plain deduction from these propositions, and the general rules of pleading in actions at law, that the non-joinder of a joint obligor as a defendant should be pleaded in

abatement, unless the abatable matter is alleged or appears in the plaintiffs' pleading,   And it seems accordingly to have been uniformly ruled, from the time of the year-books to the present day, that advantage can only be taken of such non-joinder by plea in abatement, "except where it is shown in the petition that parties omitted are living;" and then, as the abatable matter appears on the petition, objection can be made by the defendant without reiterating by plea in abatement the matters alleged by the plaintiff.   (Gould's Pl., 271, *et seq.;* Cabbell *v.* Vaughn, 1 Saund., 291, notes, 4 and *f, g;* Anderson *v.* Chandler, 18 Tex., 436.)

It may be insisted, however, that although it was unnecessary for plaintiffs to have alleged that George Hardy was dead, notwithstanding the fact appeared on the face of their petition that he was a party to the notes upon which the suit was brought, yet as his death was a material fact in determining their right to a judgment against the defendants, without making him a party, the truth of their averment of his death was put in issue by the general denial, as well as by defendants' special answer, and it was, therefore, unnecessary, on the principle, for the defendants to plead, in abatement, that he was a joint maker of the notes, and was still living, to enable them to take advantage of his non-joinder.   But, as plaintiffs had made the averment of his death, and thereby tendered the defendants an issue in regard to it, although not required to do so, it was incumbent upon them to have proved it. (Gould's Pl., 273, sec. 6.) And this, I confess, is the inclination of my own mind.   The court, however, holds, that it was just as necessary for the defendants to plead in abatement, that Hardy was living, if they wished to take advantage of his non-joinder, as it would have been, if it merely appeared in the petition that he was a joint maker of the notes, and nothing had been said as to his death, in which event, it would unquestionably have been necessary for the defendants to have pleaded in abatement the fact that he was still living.

But, if it should be conceded that the fact whether Hardy was living or dead when the suit was brought, was put in issue by the pleadings, we think it may very properly be held that the defendants have waived its determination by the jury. As we have said, it is the privilege of the defendants to have all the joint obligors made defendants to the action, which they may waive, if they choose; and they are presumed to have done so, by their failure to plead the non-joinder in abatement, when such plea is necessary. And, it would seem, that the like presumption should be indulged, if they failed to invoke the action of the court, or to have the jury pass upon the abatable fact, if otherwise presented than by plea in abatement. It appears from the record, that the attention of the jury was not called to this question, either by the charge of the court, or by the instructions asked by the defendants. If the defendants had desired the jury to pass upon the issue made by the petition and answer, as to whether or not Hardy was living or dead, we must suppose they would have made some allusion to it in the instructions which they asked should be given to the jury. And their failure to do so warrants the inference that they thought it unnecessary. This inference is not repelled, as has been heretofore decided by this court, by the failure of the jury to pass upon it being made one of the grounds of the motion for a new trial.

The defense being of a character going to the form of the proceedings, and not to the fact of defendants' liability for the entire amount for which they were sued, a different rule is applicable than could be invoked where the defense went to the merits of the action.

There being no error in the judgment, of which appellants have any just cause to complain, it is affirmed.

AFFIRMED.