# S. LONG & C. B. BERRY v. J. R. GARNETT ET AL.

## SUPREME COURT, AUSTIN TERM, 1883.

*Promissory Note—Secondary Evidence—Practice.*—A promissory note sued on is the best evidence, but if a defendant permits secondary evidence to be introduced without objection, he cannot make objection for the first time upon appeal.

*Same—Contribution.*—There must be an actual payment of the joint debt before one partner can recover contribution of his co-partners.

*Same—Partnership.*—After dissolution one of the partners cannot impose new obligations upon the firm. But when a party has had dealings with a partnership, and after the dissolution, but in ignorance thereof, receives from one of the members a note in the firm name in settlement of a partnership debt, the partnership will be considered as still existing at the date of the note. Whether the party had knowledge of the dissolution is a question of fact for the jury.

Where the court below passes upon a question of fact, and the judgment not being clearly wrong, it will not be disturbed.

This was a suit by defendant in error, Garnett, against appellants and Ed. Long and James McBath, charged as partners, using the firm name of Long, Berry & McBath, which firm name was signed to the note sued on. Defendants, Ed. Long and McBath, pleaded that the note was signed long after the dissolution of the said firm, and was so signed without their knowledge or consent. Judgment was rendered in favor of plaintiff against appellants, and that Ed. Long and McBath go hence, etc. The opinion exhibits the errors assigned.

Opinion by Delany, J.

The first assignment of error raises the objection to the judgment, that as there was a general denial it was necessary for the plaintiff to produce the note, and as that was not done, the judgment cannot be sustained. (Robinson v. Brinson, 20 Tex., 438.)

The rule stated in that case is well established, but it simply means that the note itself is the best evidence, and the opposite party may demand that it be produced or its absence accounted for. But if he permits secondary evidence to be introduced upon the trial without objection, he cannot make the objection for the first time upon appeal.

On the trial below both these appellants were introduced as witnesses for the plaintiff without objection by them, and upon their testimony the judgment was rendered. As no objection was made below to this competency of the evidence, the only question which we could consider would be, whether it was sufficient to sustain the judgment. We have no doubt that it was.

The second assignment is so vague that we do not feel called upon to consider it.

The third assignment is that the court erred in not rendering judgment against the defendants Edward Long and McBath upon the cross-bill of appellants.

The authority to which we are referred is White v. Tudor, 32 Tex,, 758. The case does not sustain the position of appellants. There the plaintiffs recovered against one member of a firm upon a note executed by the other member a few days after the dissolution. The case had in effect been decided in favor of the plaintiffs upon the preceding appeal upon the ground that when the note was executed the plaintiff had no notice of the dissolution. (27 Tex., 584.)

In the case to which appellants refer, the learned judge merely gives some additional reasons of an equitable character why the judgment should be affirmed. But the claim here set up by appellants is that they have paid a part, and and are liable to pay the whole of a debt due by the firm, toward which the other members ought to contribute. Ordinarily a suit for contribution cannot be maintained in favor of one partner against his co-partners during the existence of the partnership. (Parsons on Part., 285-87, and notes.) But it has been held that when, after the dissolution of the firm, one of the members has been compelled to pay a partnership debt, he may, by suit, compel the others to pay their proportionate parts.

Thus, in a case in Pennsylvania, A and B were partners; A made a note in the firm name, and before its maturity the firm was dissolved. Some years afterwards the holder of the note brought suit against A and B, late partners, and recovered judgment. B, under a threat of execution, paid off the judgment and brought suit against A for contribution. It was held that the suit was well brought. (Brown v. Agnew, 6 Watts and Sergt., 235.) The cases seem to

hold that there must be an actual payment of the joint debt before one partner can recover contribution. (Parsons, p. 287, note *s.*)

We might, perhaps, rest our decision here, as appellants have not paid the entire debt, but waiving this point, it is clear that the right to recover contribution rests upon the ground that one or more of the partners have discharged an obligation which was binding upon the firm. If, therefore, the court below was correct in holding that the defendants, McBath and Edward Long, were not bound to pay the note, then appellants were not entitled to contribution. We will, therefore, inquire into the correctness of that judgment.

It is well established that after the dissolution of a partnership, one of the members cannot impose new obligations upon the firm, or vary the character of those already existing. He cannot give a mere note in the firm name, or renew one given before the dissolution. (White v. Tudor, 24 Tex., 639.) But when a party has had dealings with a partnership, and after the dissolution, but in ignorance thereof receives from one of the members a note in the firm name in settlement of a partnership debt, the partnership will be considered as still existing at the date of the note. (Tudor v. White, 27 Tex., 584; Davis v. Willis, 47 Tex., 154.)

But it is a question of fact to be found by the jury, or by the judge in the absence of a jury, whether the party knew of the dissolution when he received the note. (Tudor v. White, *supra.* Parsons, p. 413. and note.) In the case before us the evidence of previous dealings between the plaintiff and the firm is vague and indefinite; nearly two years elapsed between the dissolution and the execution of the note, and there were some other circumstances from which the court might come to the conclusion that the plaintiff was informed of this fact. And the court below having passed upon the question of fact, we cannot, by any means say that the judgment is clearly wrong. (Stroud v. Springfield, 28 Tex., 677, and cases cited; see also Deford v. Reynolds, 36 Penn. St., 325.)

Our opinion is therefore that the judgment should be affirmed.

[Adopted.]