### JOSEPH N. GREEN v. WACO STATE BANK.

No. 6707.

1. **Dissolution of Partnership.** — Any one of a business firm may dissolve the firm at any time provided it is done under such circumstances as would not wrong or defraud his copartners. He may do this by explicit notice to the other partners in any way, so it is done, and he may fix a time in the near future when the dissolution is to take effect. It is not essential that all the partners consent to the withdrawal of one who by such withdrawal dissolves the firm.

2. **Notice of Dissolution to Customers.**—A bank with which a firm of *wool and hide* dealers had no business, and to whom it had not extended credit, was not entitled to notice of the dissolution of such firm, and in taking an obligation in name of the firm the bank was charged with the duty of knowing who composed the firm when taking such obligation.

3. **Authority of Member of Firm.**—A member of a firm would have no power, in absence of express authority from the other members, to sign the firm name to a note given for the debt of another.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The opinion states the case.

*W. S. Baker*, and *Alexander, Winter & Dickinson*, for appellant.—The court erred in finding the defendant J. N. Green liable as a member of the firm of Wood Brothers & Green on the note sued on; because:

1. The evidence shows that said firm was dissolved before said note was executed, and this fact was known to plaintiff.

2. The evidence shows that Wood Brothers & Green did not receive any part of the consideration of the note sued on.

3. The evidence shows that neither S. A. Wood nor any one else had authority to sign the note sued on in the name of Wood Brothers & Green.

4. The firm of Wood Brothers & Green never had an account or did any business on their account with plaintiff, and the indebtedness which

was the consideration of the note sued on was the indebthdness of Wood Brothers, and was so charged on their books.

5.    The evidence shows that plaintiff had notice at the time of the execution of the note sued on that S. A. Wood had no authority to sign the name of Wood Brothers & Green thereto.

6.    The evidence shows that the firm of Wood Brothers & Green was dissolved long before the execution of the note sued on, and there had been no transaction or business done by said firm with the plaintiff.

7.    If the firm of Wood Brothers & Green did business with plaintiff under the firm account of Wood Brothers, while they might make Wood Brothers & Green liable for any indebtedness which might by them in that manner be incurred, it would not make them liable on a note executed without their authority after the dissolution of the firm.    Long v. Garnett, 59 Texas, 233; Davis v. Willis, 47 Texas, 159; Tudor v. White, 24 Texas, 641; Tudor v. White, 27 Texas, 584; Brown & Co. v. Chancellor, 61 Texas, 445, 446; Laird v. Ivens, 45 Texas, 624, 625; Cushing v. Smith, 43 Texas, 266; Pars. on Part., 384, 385, 404; Maudlin v. Bank, 2 Ala., 506, *et seq.;* Benjamin v. Covert, 2 N. W. Rep., 625; 1 Coll. on Part., pp. 163 (note), 656, sec. 414.

No brief for appellee.

COLLARD, JUDGE.—The following propositions of law are contended for by appellant, and they are abundantly sustained by authority: After the dissolution of a partnership one of the partners can not bind the firm by new contracts or change the character of existing obligations, and a partner with general authority to settle up the business of the firm can not so bind it; but where a third party has had dealings with the firm, and without notice of the dissolution continues to deal with one of the partners in the firm name, or takes a note in settlement of an existing debt of the firm from one partner, all the partners would be bound.    White v. Tudor, 24 Texas, 641; Davis v. Willis, 47 Texas, 159; Long v. Garnett, 59 Texas, 233; Brown v. Chancellor, 61 Texas, 445, 446.

In this case, however, the court found as a fact that at the date of the note sued on Wood Brothers & Green had not dissolved partnership. He may have come to this conclusion from the fact that there was no distinct agreement between all the members of the firm at the same time that a dissolution should take place on December 1, 1886.    This was not the proper test of dissolution.    Any one of the partners could have dissolved the firm at any time, provided it is done under such circumstances as would not wrong or defraud his copartners.    He may do this by explicit notice to the other partners in any way, so it is done, and he may fix a time in the future when the dissolution is to take effect.    It is not essen-

tial that all the partners consent to the withdrawal of one who by such withdrawal dissolves the firm.    Pars. on Part., 435.

We think there was ample evidence to show a dissolution of the firm of Wood Brothers & Green, and that it took place on the 1st day of December, 1886, and that the court should have so found.

Again, the evidence shows conclusively that the Waco State Bank had not had any dealings with Wood Brothers & Green of such a character as to entitle it to notice of the dissolution.    They had never had any account with them; all the account it had was with Wood Brothers, of which Green was not a member, and all the business done by Wood Brothers & Green with the bank was done in the name of Wood Brothers; when money or proceeds of collections of the former firm were deposited with the bank it was credited to Wood Brothers, and what money was drawn from the bank for them was charged to Wood Brothers; the bank gave no credit to Wood Brothers & Green.    This being true, the bank was not entitled to notice of the dissolution had the note sued on been given for their debt by one of the partners.    It was the bank's duty to know that there had been a dissolution and that S. A. Wood had no power to execute the note after such dissolution.

But suppose there had been no dissolution, one of the firm of Wood Brothers & Green could not under the circumstance have bound the firm by the note, because the debt for which it was given was not their debt— it was the debt of Wood Brothers.    If the latter had drawn money themselves, or by their authority, for the use of Wood Brothers & Green, having the same charged to the account of Wood Brothers, to whom the credit was given, Wood Brothers & Green could not be liable to the bank for it; they would be liable to Wood Brothers alone, who kept an account for such purpose with them.    The bank could not look to persons other than those with whom it was dealing for payment of the account.    The giving of the note and signing the name of Wood Brothers & Green thereto by one of the partners could not bind the firm had it been in existence at the time.    Not being liable for the account it was not liable for the note.    The giving of notes as security or for accommodation was not the business of the firm; it was organized to do a wool and hide business, and the giving of a note for a debt it did not owe was out of its usual course of business, and a member of the firm had no power to so bind his copartners without their consent.    He could no more bind them by this note than he could bind them to pay his private debt.    Burleigh v. Parton, 21 Texas, 585; Bates Law of Part., secs. 347, 348, 349; Pars. on Part., pp. 172–175, and notes.

It is not pretended that Green ever held himself out to the bank as a member of the firm of Wood Brothers or that the bank so believed.    The bank knew the relations of the parties, and of course to whom it was giving credit.    If Green had used the name of Wood Brothers in drawing money

the bank was not ignorant of the fact that he was doing so by authority or permission of Wood Brothers and not as one of the firm.    There is no pretense that the bank was deceived in this respect.    There are no facts in the case that would render Green liable for the note.

Our conclusion is that the judgment of the court below as to him be reversed and rendered in his favor, so that plaintiffs below take nothing by their suit against him, and that he recover his costs against them in both the lower and appellate courts.

*Reversed and rendered.*

Adopted June 17, 1890.