**LUBBOCK GRAIN & COAL CO. v. FERGUSON et al. (No. 1745.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1921. Rehearing Denied Feb. 16, 1921.)

1. **Partnership ⊗⟾218(3) — Evidence held to raise issues as to existence of firm and purchase by copartner.**

In an action wherein it was sought to hold a defendant on a note as a partner on a note executed by his alleged copartner, evidence *held* sufficient to raise issues as to partnership relations between the parties when hay for which the note was given was shipped to the copartner, and as to whether the hay was bought for the partnership.

2. **Partnership ⊗⟾217(3)—Evidence held not to show dealings with a person as member of a partnership.**

In an action wherein it was sought to hold a defendant as a partner on a note for hay executed by his alleged copartner, evidence *held* to show conclusively that plaintiff had no dealings with the alleged copartner as a partnership, but that it consigned the hay alone to him for sale.

3. **Partnership ⊗⟾290 One without knowledge of a dormant partner not entitled to notice of dissolution.**

Where plaintiff dealt solely with defendant's copartner in ignorance that defendant was a dormant partner, notice of subsequent dissolution of the firm need not be given to plaintiff.

4. **Partnership ⊗⟾269—Sale of all partnership property operates as dissolution.**

A sale which practically includes all the property used by a firm in carrying on its business, whether made by the firm or a member thereof, operates as a dissolution.

5. **Partnership ⊗⟾285—That settlement is not pending held not to continue partnership after dissolution.**

That settlement on dissolution between partners was not pending would not have the

effect of continuing the relation so as to make one partner the agent of the other and bind the partnership to a contract or obligation executed by one partner without the knowledge or consent of the other.

**6. Partnership ☾286 — General authority of partner to settle business held not to authorize him to give note.**

General authority of one partner on dissolution to settle firm's business does not authorize him to give a note in the firm name for pre-existing firm debts or to renew an existing debt.

Appeal from Hale County Court; Charles Clements, Judge.

Action by the Lubbock Grain & Coal Company against Joe Lee Ferguson and another. From a judgment in ·favor of the named defendant, plaintiff appeals. Affirmed.

R. A. Sowder, of Lubbock, for appellant.
E. Graham, of Plainview, for appellee.

HUFF, C. J. The Lubbock Grain & Coal Company sued Joe Lee Ferguson and J. F. Cagle, alleging that on July 16, 1918, the defendants then and for two years prior thereto were partners in the retail feed and grain business, which partnership was conducted in the name of J. F. Cagle, but under an agreement between defendants that Ferguson was to furnish all the capital which went into the enterprise, and after all expenses were deducted the defendants were to share equally in the profits of the business, Cagle was to manage the same, and had full authority from his codefendant to pledge the credit of Ferguson for the purpose of conducting the business; that the defendants, acting under the name of Cagle, purchased from plaintiff on or about December, 1917, two cars of hay, and that on July 16, 1918, there remained of the purchase price unpaid $354.22, and on said date defendant Cagle, .for himself and codefendant, with authority to pledge the credit of Ferguson, executed to plaintiff a note due in five months in said sum, at 10 per cent. interest from date and 10 per cent. attorney's fees; that there was due plaintiff on the note $354.22, principal, $74.50, interest, and $42.87, attorney's fees. The prayer is for judgment for their debt and damages and such relief as the law and facts may warrant. The defendant Ferguson excepted to all that part of the petition setting up the purchase of the hay December, 1917, and that there remained due on the account $354.22 unpaid, in that the cause of action, if any, was barred by the two-year statute of limitation. He also answered by general denial, and pleaded specially as to the execution of the note non est factum, and also denied partnership under oath as to the purchase of the hay and at the time the note was executed and pleaded also if there was ever any cause of action against him it was barred by the two-year statute of limitation. Cagle did not answer. The trial court instructed a verdict against Cagle for $471.59, and in favor of appellee Ferguson. Verdict and judgment were returned and rendered in accordance with the instruction.

[1-3] The only witness introduced on the question of partnership was Cagle. His testimony is sufficient to have authorized the submission of the issue as to the existence of a partnership as alleged, up to the time of the dissolution. The appellant dealt with Cagle alone, as it appears, or at least there is no evidence that appellant had notice of an existing partnership, or that it gave credit to Cagle on the faith that Ferguson was a partner; in fact, the record shows the appellant consigned the hay to Cagle to sell on commission. There is no evidence that notice of dissolution was given publicly, or that any was given to the appellant. The record will warrant the finding that, if Ferguson was a partner, he was a silent or dormant partner, and that appellant did not deal with Cagle on the faith of Ferguson being interested as a partner. Cagle's testimony is to the effect that all the stock in the partnership business was closed out in April, 1918. In testifying from the books then before him, he stated that they showed all the sales for the partnership were made before April, and that none were made after that month. He further testified:

"With reference to whether we sold anything in which we both had an interest after the month of April, I think probably along about that time we didn't have anything to sell. I think that we had pretty well closed out anyway. After that, from that time on, he and I never jointly had anything in which to share profits after we settled. After we quit selling, we were through. From these books I don't see any sales after the month of April, 1918, of anything in which he and I were jointly interested. * * * As to whether he and I had any agreement about buying and handling hay for a portion of the profits, I don t suppose he knew the hay was coming until right before it came. I don't know whether we had any agreement about sharing profits in the hay or not, and I don't know whether I consulted him about buying these two cars of hay or not. I don't remember about that. That is all the hay that was bought during the time that we were under the partnership agreement. That was, I believe, during the month of December, 1917. There was one car of alfalfa hay and one car of peanut hay. The Lubbock Coal & Grain Company sent me that hay to sell. It was on commission for me to sell and give them part of the profits. That is the way I made arrangements to handle that. That came billed to me alone. I believe that also was sold out during the month of April, 1918, the balance of that hay, and I think the account so shows."

With reference to the hay, this witness further testified that it was agreed between him and Ferguson to put this hay into the partnership and divide the profits on it, and in dividing the money and accounts received on the sale the witness wanted to use such sums to pay appellants, but Ferguson would not agree to it. It appears from the evidence that on the 16th of September, 1918, Cagle and Ferguson had a settlement of the matters between them, dividing the notes and accounts received in the business, among which were some due for part of the hay sold. It also would seem from the evidence that Ferguson paid off some vendor's lien notes due by Cagle on property owned by him, and part of the accounts were applied on this indebtedness due Ferguson so created. However, the testimony is not very clear or definite on this point. The note sued on was executed between the time the stock of goods was closed out and the settlement or division of the notes and accounts. The note was executed without Ferguson's consent, and he did not authorize Cagle to execute it for him or as a partnership obligation at the time it was executed, unless the partnership relationship then existed. At the trial appellant offered the note in evidence as to Ferguson, and upon objection made by Ferguson it was excluded as to him.

[4] The evidence, we think, shows conclusively that appellant had no dealings with J. F. Cagle as a partnership, but that it consigned the hay to him alone for sale. It had never had any account with the firm, and the record is sufficient to show it did not deal with Cagle on the faith that Ferguson was a partner with Cagle under the firm name of J. F. Cagle. Appellant was not therefore entitled to notice of the dissolution of the partnership before it accepted the notes executed by Cagle alone. Green v. Bank, 78 Tex. 2, 14 S. W. 253; Lee v. Stowe, 57 Tex. 444 (8); Blanks v. Halfin, 30 S. W. 941; Baptist Book Concern v. Carswell, 46 S. W. 858; 2 Bates, Law on Partnership, par. 609. The evidence is sufficient to raise the issue whether a partnership existed between J. F. Cagle and Joe Lee Ferguson, in a coal and grain business, operating under the firm name of J. F. Cagle. The partnership business was to buy and sell coal and grain. As to the hay purchased, the evidence is sufficient to have required the submission of the issue whether it was bought for the partnership. The entire stock in trade, together with the hay, was closed out and sold, and nothing further was bought or contracted by the firm after April 15, 1918. The facts we think show conclusively that on that date the partnership as a business was dissolved. The conduct of the parties in the sale of the whole of the firm's effects and property on that date established a dissolution.

"A sale which practically includes all the property used by the firm in carrying on its business, whether made by the firm or a member thereof, operates as a dissolution of the partnership." Note to Breaux v. Le Blanc, 69 Am. St. Rep., at page 416, and authorities cited; Thompson v. Bowman, 6 Wall. 316, 18 L. Ed. 738; 2 Bates, Law of Partnership, § 587; 20 R. C. L. Partnership, § 177; Gilmore on Partnership, 578; 22 Am. & Eng. Enc. of Law, 204; 30 Cyc. 652; Rogers v. Nichols, 20 Tex. 719.

[5] The fact that settlement was not pending between the partners did not have the effect of continuing the relation of partnership, such as would make one partner the agent of the other and bind the partnership to a contract or obligation executed in the name of the partnership by one without the knowledge or consent of the other. At the time the note was executed the partnership was dissolved by the conduct of the parties in selling out the entire partnership effects.

[6] It is settled in this state the general authority one party may have upon dissolution to settle the business of the firm does not authorize him to give a note in the firm name for pre-existing firm debts or to renew a partnership debt then existing. White v. Tudor, 24 Tex. 639, 76 Am. Dec. 126; Id., 27 Tex. 584; Green v. Bank, 78 Tex. 2, 14 S. W. 253; Brown v. Chancellor, 61 Tex. 445; Long v. Garnett, 59 Tex. 229; Rodgers v. Bank, 184 S. W. 620; Bank v. Drew, 126 La. 1028, 53 South. 129, 32 L. R. A. (N. S.) 255, and note thereunder, where the rule is stated and the holdings of many courts noted. If the action declared on in this case be the account for which the evidence may have authorized a finding was due and owing by the partnership, it was, however, barred by the statute of limitation, and the court was authorized in so finding. The hay was purchased in December, 1917, and as shown by the record this suit was filed in September, 1920. The appellee both excepted to the petition because it showed the cause of action was barred, and also by a plea he interposed the statute of limitation. But as we interpret the petition, the suit is on the note, and not in the alternative on the account. The facts alleged with reference to the purchase of the hay by the partnership appear to have been alleged as a fact authorizing Cagle to execute the note as a partnership obligation.

We are of the opinion that the court, under the facts of this case, was authorized to instruct a verdict for appellee Ferguson.

The judgment will therefore be affirmed.