### LAUDERDALE et al. v. LEE et al.
#### (No. 708–4269.)

(Commission of Appeals of Texas, Section A. Oct. 8, 1925.)

**1. Appeal and error ⬅➙932(1)—Court will not presume trial court rendered judgment for improper amount, where no evidence to support claim.**

In action to recover royalties on oil lease, where from examination of judgment court is unable to determine whether it represents entire royalties or only such part as plaintiffs were entitled to, and no evidence was referred to determining such fact, court will not pre-sume that trial court rendered judgment for improper amount.

**2. Appeal and error ⬅➙835(2)—Assignment of error, raised for first time on motion for rehearing after judgment by Court of Civil Appeals, not considered.**

Assignment of error, set up for first time on motion by defendant for rehearing after judgment by Court of Civil Appeals claiming court erred in amount of judgment awarded, will not be considered.

**3. Limitation of actions ⬅➙127(3)—Plaintiffs' subsequent pleadings held not to constitute new cause of action subjecting claim to bar of limitations.**

Where plaintiffs' original petition seeking recovery of oil itself was sufficient to stop running of statute of limitations, subsequent pleadings asking recovery for value of plaintiffs' interest in oil as represented by money received by defendant therefor constitutes no such new cause of action as to subject plaintiffs' claim to bar of limitations.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by R. Q. Lee and others against B. H. Lauderdale and others. From a judgment of the Court of Civil Appeals (264 S. W. 558) reforming and affirming judgment of trial court in favor of plaintiffs, both plaintiffs and defendants prosecute writ of error. Judgment of Court of Civil Appeals reversed in part, and judgment of trial court reformed and affirmed.

B. W. Patterson, of Cisco, and J. R. Stubblefield, of Eastland, for plaintiffs in error.

John Kilgore, of Wichita Falls, for Texas Co.

Hickman & Bateman, Leaverton & Hardy, and J. L. Goggans, all of Breckenridge, for defendants in error.

HARVEY, P. J. This cause is here on writ of error to the Court of Civil Appeals for the Eighth Supreme Judicial District. The judgment of the trial court was reformed and affirmed by the said Court of Civil Appeals, and from such judgment said writ of error was prosecuted by both appellants and appellees in said cause.

A full statement of the nature and result of suit, and of the facts material to a decision of the questions involved, is made in the majority opinion of said Court of Civil Appeals herein. 264 S. W. 558. In the interest of space, we here refer to such statement by the Court of Civil Appeals for an understanding of the matters involved here. In this opinion, B. H. Lauderdale, Fannie F. Lauderdale, Jennie Lauderdale, Mrs. N. E. Lauderdale, Edith M. James and her husband, T. M. James, and J. R. Stubblefield, who were defendants in the trial court, are designated as plaintiffs in error, and R. Q. Lee, C. M. Caldwell, B. S. Walker, G. T. Giles, H. C. Roberts, Will

Black, Jack Black, S. T. Swenson, N. N. Rosenquest, Fred W. Frost, and S. & G. Company, a corporation, who were plaintiffs in the trial court, are designated as defendants in error.

We have given careful consideration to all the assignments of error presented here by plaintiffs in error, and are of opinion that all of them should be overruled. We approve the decision of the Court of Civil Appeals, as shown in the majority opinion of said court, on all such assignments of error, and we see no need to repeat here what is said in said opinion.

Plaintiffs in error, in addition to the alleged errors complained of in the original hearing before the Court of Civil Appeals, complains of the following matter, set up for the first time in the motion of plaintiff in error for rehearing in the latter court, to wit:

"The honorable Court of Civil Appeals erred in the holding that plaintiffs are entitled to recover judgment against the Texas Company for the sum of $5,188.45, because the uncontradicted evidence discloses that the appellants are entitled to recover at least one-fourth of said sum of money."

The statement made in the petition for writ of error of plaintiffs in error in support of the above assignment consists of a recitation from the judgment of the trial court as follows:

"It further appearing to the court that the defendant, the Texas Company, now holds and has in its possession the sum of $5,188.45, representing the value of the oil which has been produced, saved, and marketed by it from the above-described lands during the period beginning April 14, 1920, and ending May 15, 1923, to which sums the above-named plaintiffs are entitled."

[1, 2] Such statement further shows that the trial court proceeded to render judgment in favor of defendants in error for said sum of $5,188.45. We have examined the entire judgment, and are unable to determine therefrom whether said sum represents the value of the entire one-eighth royalty in such oils or only the part thereof to which the defendants in error are entitled. We cannot presume that the trial court rendered judgment for an improper amount. We have not been referred to any evidence in the record from which to determine such fact. On the whole, we are of opinion that the time and manner of presenting this matter by plaintiffs in error are not such as to require us to consider such assignment, and we do not consider same.

[3] We come now to consider the assignments of error presented here by defendants in error. After careful consideration thereof, all of such assignments are overruled, without discussion, except those which relate to the action of the Court of Civil Appeals in reforming the judgment of the trial court and eliminating recovery of money judgments by defendants in error against B. H. Lauderdale, Jennie D. Lauderdale, Mrs. N. E. Lauderdale, Edith M. James, and T. M. James. Such action of the Court of Civil Appeals was the result of a holding by said court that such recovery was barred by the two years' statute of limitation. The holding of said court in that respect is correct in so far as it concerns the four last named parties, for such recovery was not sought against them by defendants in error until December 13, 1922, more than two years after either of said last named parties had received any oil royalties from said land; but as against B. H. Lauderdale, such recovery was not barred by limitations, and said court committed error in so holding.

The original petition of plaintiffs (defendants in error), though in some respects not of commendable form, contains allegations and prayer sufficient to stop the running of limitation in favor of B. H. Lauderdale on any liability by him to the plaintiffs for oil that had been theretofore taken from said land in accordance with his lease to the Texas Company for that purpose.

The subsequent pleading of plaintiffs, filed on December 13, 1922, asking for recovery against B. H. Lauderdale for the value of plaintiffs' interest in such oil, as represented by the amount of money which the said Lauderdale had received therefor from his codefendant and cowrongdoer, the Texas Company, constituted no such new cause of action against said Lauderdale as to subject plaintiffs' claim for the value of such oil to the bar of limitation. The running of the statute of limitation against the claim of plaintiffs for the value of the oil was stopped by the filing of plaintiffs' original petition, which sought recovery of the oil itself. Peticolas v. Carpenter, 53 Tex. 23.

We therefore recommend that the judgment of the Court of Civil Appeals in so far as same reforms the judgment of the trial court so as to deny recovery by defendants in error of a money judgment against B. H. Lauderdale be reversed, and that the judgment of the trial court herein be so reformed as to deny recovery herein by defendant in error S. T. Swenson, as against any of plaintiffs in error, and also to deny recovery of any money judgment by defendants in error against Jennie D. Lauderdale, Mrs N. E. Lauderdale, Edith M. James, and T. M. James, or either of them. And we further recommend that said judgment of the trial court as reformed in the respects above recommended be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed and affirmed as recommended by the Commission of Appeals.