**RECLAMATION CO. v. SIMMONS et al.** *
(No. 243.)

Court of Civil Appeals of Texas. Eastland.
Feb. 4, 1927.

Rehearing Denied March 25, 1927.

**1. Novation** ⊜➝1—**"Novation" arises only by mutual agreement of all interested parties to substitute new obligation for old.**

To produce a "novation" there must be substitution by mutual agreement of all interested parties of the new obligation for the old.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

**2. Novation** ⊜➝12—**Creditor's intention to accept new debtor in place of old must be proved to establish novation.**

Intention of creditor to discharge first debtor and accept second in his stead must clearly appear, as novation is never presumed.

3. **Novation** ⟨key⟩12—**Partnership** ⟨key⟩296(3)—In action on partnership account, evidence held insufficient to establish payment or novation of account by notes given by one of partners after dissolution.

In action against members of partnership on account, and notes given by one of partners after dissolution, evidence *held* insufficient to establish that notes were given in payment or novation of creditor's account, releasing other partners.

4. **Appeal and error** ⟨key⟩995—**Objections to weight of testimony will not be considered.**

Objections going to weight of testimony rather than admissibility should not be considered.

5. **Principal and agent** ⟨key⟩22(1), 122(1)— **Agency and authority cannot be shown by statements of agent.**

Agency and authority of agent cannot be shown by declarations and statements of agent.

6. **Partnership** ⟨key⟩286—**Partner intrusted with settlement of firm's business after dissolution could not bind other partners by unauthorized notes given for pre-existing firm debt.**

Partner, to whom settlement of firm's liabilities were left after dissolution, could not bind other partners by notes given for pre-existing firm debt without authority.

7. **Limitation of actions** ⟨key⟩127(4)—**Suit on notes alleged to have been given in renewal of indebtedness on open account held to interrupt running of statute of limitation on account.**

Suit on notes given in renewal of partnership indebtedness on open account, which specifically alleged original transaction, *held* to interrupt running of statute of limitation on account, though recovery on open account was not sought except by supplemental petition filed more than two years after date of account.

8. **Joint-stock companies and business trusts** ⟨key⟩1, 15(1)—**As to creditors of persons conducting business under declaration of trust, relations and liabilities were those of partners.**

As to creditors, relations and liabilities of persons transacting business under declaration of trust were those of partners.

9. **Limitation of actions** ⟨key⟩123—**Petition setting out cause with sufficient certainty to apprise defendant thereof interrupts running of limitation statute, though demurrable.**

Petition filed before expiration of statutory period of limitation, based upon proper cause of action, described with sufficient certainty to apprise defendant thereof, is sufficient to interrupt statute, though subject to general or special demurrer.

10. **Limitation of actions** ⟨key⟩127(4)—**Where petition alleged notes sued on were in renewal of indebtedness for specific property purchased, supplemental petition praying recovery on open account did not state new cause of action.**

Where original pleading alleged notes sued on were given in renewal of purchase price of certain oil well casing purchased on day certain at defendant's special instance and request, supplemental petition praying recovery on open account *held* not to state new cause of action barred by statute of limitations.

11. **Partnership** ⟨key⟩292—**Creditor notified of dissolution and agreement whereby one partner assumes debts, extending time to such partner without others' consent, releases them as sureties.**

Where creditor of partnership is notified of dissolution of original partnership relations, and that one of partners had agreed to pay firm debts, creditor's action after accepting relation in granting extension of time to such partner without notice to others operates to release other partners as sureties.

12. **Partnership** ⟨key⟩279—**Assumption by one partner of debts on dissolution made other partners sureties as to consenting creditor.**

Agreement by which one of partners assumed firm debts on dissolution created relationship of principal and surety as respects creditor acquiescing in agreement.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Suit by the Reclamation Company against A. C. Simmons, C. W. Hoffman, and K. F. Page, doing business under the trade-name of the Western Brokerage & Supply Company, in which John W. Turner, trustee, intervened. Judgment for plaintiff against only the defendant first named, and plaintiff appeals, and defendants Hoffman and Page file cross-assignments of error. Reversed and remanded.

Turner, Seaberry & Springer, of Eastland, for appellant.

Sayles & Sayles, of Eastland, for appellees.

LESLIE, J. This is a suit in which the plaintiff, Reclamation Company, a corporation, sues the defendants, A. C. Simmons, C. W. Hoffman and K. F. Page, doing business in the trade-name of Western Brokerage & Supply Company, and under a declaration of trust, which undertook to fix their relations and liabilities among themselves, as well as toward creditors. As such they conducted a business from December 31, 1921, till the dissolution of their business relations about July 15 and 31, 1922, when Hoffman and Page withdrew, leaving to Simmons the settlement of the firm's liability from the assets of the company. A dispute arose between the defendants as to the understanding in that respect.

The original debt was contracted May 23, 1922, at a time when the defendants were doing business under the above trade-name, but after the dissolution of said business association, which occurred July, 1922, Simmons executed, in the name of the Western Brokerage & Supply Company, the notes sued on, as he says, to obtain extension of time on the past-due account, but which

transaction Hoffman and Page claim constituted payment of, or novation of, the original account, to which they also interposed the plea of limitation on the ground that recovery on the account as such was not sought until the filing of the plaintiff's first supplemental petition, filed February 10, 1926, more than two years after the date of the account, which was May 23, 1922.

The parties will be designated here as in the lower court.

John W. Turner, trustee, intervened, and tendered into court certain funds in his hands, which he held for the Western Brokerage & Supply Company. Simmons had directed their application to the payment of the debt herein sued on as a part of the assets left in his hands for that purpose, and defendants Hoffman and Page denied this and claimed their half of such assets. Intervener prayed the court for order disposing of the funds according to their respective equities. The court entered a decree, awarding such funds to Hoffman and Page to the extent of their interest therein. Judgment went against Simmons, who has not appealed. Other facts material to the understanding of the case will more fully appear as the opinion develops.

This record contains numerous assignments assailing from different angles the sufficiency of the testimony to establish payment or novation of the original debt, or to constitute a basis for the submission to the jury of those issues. Such assignments will be grouped and considered together and disposed of under the holding to be made on the proposition as to whether the notes executed and delivered under the circumstances shown by this record, were intended by all the interested parties as either a payment or novation of the original debt.

[1, 2] To produce a novation there must be the substitution of a new obligation for an old one. Novation can only exist by the mutual agreement of all the interested parties, and is subject to the same rules of evidence as any other character of contract, and each element thereof must be established with the same certainty. Novation is never presumed, and the intention of the creditor to discharge the first debtor and accept a second in his stead must clearly appear. Crowdus Drug Co. et al. v. Wilson (Tex. Civ. App.) 190 S. W. 194; Scott v. Atchinson, 36 Tex. 76, 38 Tex. 385–391.

This case must therefore turn on the proposition of whether the original obligation on an open account was paid or novated by the execution and delivery of the notes under the circumstances shown. If the obligation was paid or novated, or the evidence in the record is sufficient to so establish the same, then Hoffman and Page would not be liable.

[3] The testimony in this record has been carefully examined to ascertain if it establishes the contention of the defendants Hoffman and Page respecting payment and novation. The notes sued on were apparently executed and delivered by Simmons long after the dissolution of the partnership relations existing between himself, Hoffman, and Page. They seem to have been executed at Fort Worth, Tex., in the office of Thompson, an attorney. Who received the notes for the plaintiff is not made certain, nor is it shown that C. E. Ross, the alleged vice president and director of plaintiff, was present or handled the transaction. Simmons testified that they were executed, not in payment or novation of the original account, which was past due, but for the purpose of obtaining from the plaintiff an extension of time thereon. The plaintiff's dealings with the notes are significant, its auditor testifying that, at the time the notes were taken, the original account was not credited with the notes, and that he made no record of them on the corporation's books kept for that purpose; that the account remained as an open account on the books.

Neither Hoffman nor Page were present when the notes were given, and could therefore throw no light on the express understanding at the time of the negotiation, which resulted in the execution of the notes. The witness Page, speaking for himself and Hoffman, testified:

"We learned along in April, along in the early part of 1923, that the Western Brokerage & Supply Company, through Mr. A. C. Simmons, had given the Reclamation Company some notes on an account, and that was the first that we know of any notes having been given, when we were told by an outside party. I did not authorize Simmons to execute any notes for me or for the company. Prior to the time I learned that the notes had been executed, I didn't know that it was contemplated that notes would be executed."

Defendant Hoffman testified:

"I didn't authorize Mr. Simmons to execute the notes that are sued on in this case, * * * didn't know anything about them."

The above is, in substance, the testimony tending to throw light upon the purposes and intentions of the parties at the time of the execution of the notes, at least in so far as Simmons, Hoffman, and Page are concerned. The acceptance of the notes by the creditor, plaintiff herein, in full satisfaction of the account or as a novation thereof, is essential to the appellees' contention. No one appears to give the plaintiff's version of the negotiation, and no one testifies to any express understanding that it was the intention of the plaintiff to accept the notes in payment of the old debt or in the extinguishment of the old debt and the substitution of a new one therefor.

Measured by the legal standard applicable to either payment or novation, it appears from the undisputed facts in this case that neither proposition is established. True, this

record presents testimony to the effect that, soon after the dissolution of the partnership relations existing between the defendants, Simmons, Hoffman, and Page, each notified one C. E. Ross, who was alleged to be the vice president and director of plaintiff company that they had withdrawn from the Western Brokerage & Supply Company and that at different times they urged Ross to take steps to collect the account, always speaking of it as such, and that at least on one occasion said Ross stated to them that he was not looking to them for the account, but that he expected to collect same from Simmons. The notes had evidently been executed for a considerable time before Hoffman and Page were aware of their existence. Giving this character of testimony its fullest significance, we fail to see how the defense of payment or novation, express or by implication, could be established in this case with that degree of clearness and certainty demanded by the law. However persuasive it might be on the issue of estoppel, which will later be considered, it is not believed that the testimony last referred to, combined with that first set out in substance, would establish the propositions contended for by defendants Hoffman and Page. So viewing the matter, the plaintiff's assignments are sustained in so far as they attack the sufficiency of the evidence in this record to establish payment or novation. The court might be inclined to reverse and render this judgment, but for the cross-assignment No. 2 of defendants, complaining of the action of the court in sustaining exceptions to their plea of estoppel.

[4, 5] Practically all plaintiff's remaining assignments are directed primarily against the admission of certain testimony offered to establish agency and authority in C. E. Ross to act for plaintiff in negotiations and conversations connected with the transaction out of which this litigation arose. These assignments have been considered and are overruled, as the objections to the testimony seem to go more to its weight than its admissibility. If such agency in Ross were conceded, this appeal is disposed of on other grounds. Certainly, the plaintiff's proposition that agency and authority thereunder cannot be shown by declarations and statements of the agent is correct. White Sewing Machine Co. v. Sneed (Tex. Civ. App.) 174 S. W. 951; Dunlop v. English (Tex. Civ. App.) 230 S. W. 829.

The defendants' (Hoffman and Page) first cross-assignment of error based upon the action of the court in refusing a peremptory instruction in favor of the defendants Hoffman and Page, will now be considered. This presents the propositions that the defendants Hoffman and Page, not being liable on the note, and the account being barred by limitation, there was as to them no liability.

[6] The notes sued on having been execut-ed and delivered by defendant Simmons long after the firm relationship existing between himself, Hoffman, and Page had been dissolved, there could be no liability on the part of Hoffman and Page on the notes which were unauthorized by them. In the case of the Lubbock Grain Co. v. Ferguson (Tex. Civ. App.) 227 S. W. 539, it is said:

"It is settled in this state the general authority one party may have upon dissolution to settle the business of the firm does not authorize him to give a note in the firm name for preexisting firm debts, or to renew a partnership debt then existing."

See White v. Tudor, 24 Tex. 639, 76 Am. Dec. 126.

[7, 8] Next will be considered said defendants' proposition based on limitation, and it will be necessary to revert to the pleadings bearing on the same. Plaintiff's original petition declared, by the usual allegations, on a series of notes executed May 10, 1923, by Simmons, in the original firm name Western Brokerage & Supply Company, and sought recovery against the defendants, Simmons, Hoffman, and Page, doing business under a declaration of trust in the firm name of the Western Brokerage & Supply Company, whose relations and liabilities while transacting business will be referred to as that of partners in so far as the plaintiff is concerned. Thompson v. Schmitt et al., 115 Tex. 53, 274 S. W. 554; Victor Refining Co. et al. v. City National Bank of Commerce, 115 Tex. 71, 274 S. W. 561; Hollister et al. v. McCamey, 115 Tex. 49, 274 S. W. 562.

In addition to the plaintiff's declaration on the notes in the usual manner of such suits, the plaintiff in the second paragraph of the petition specifically alleged the following:

"That said notes were executed by said Western Brokerage & Supply Company in renewal and extension of an indebtedness due and owing by said Western Brokerage & Supply Company to plaintiff for the purchase price of certain oil well casing purchased by the Western Brokerage & Supply Company from plaintiff, on the 23d day of May, 1922, which oil well casing was at defendants' special instance and request sold and delivered to defendants under their trade-name of Western Brokerage & Supply Company, and said defendants, being then and there copartners and trading under said name of Western Brokerage & Supply Company, are all jointly and severally liable for the amount of said indebtedness as evidenced by said notes."

The prayer in original petition was for judgment as against all the defendants for debt, principal, interest, attorneys' fees, costs, and for relief, general and special, etc. This original petition was filed January 16, 1924. It will be noted that the original account was dated May 23, 1922.

The first-amended original answer of the defendants Hoffman and Page was filed February 8, 1926, and among other defenses they interposed the plea of non est factum, de-

nied liability on the notes, and denied that any one was authorized to execute the same for them. To meet the issues thus presented, the plaintiff, Reclamation Company, filed its first supplemental petition February 10, 1926, in which was pleaded more specifically the liability of the defendant, amplified paragraph 2 of the original petition as above set out, attached a copy of the original amount, showing credits thereon, and declared in the alternative on the same. The prayer in the supplemental petition contained substantially the same as the original petition, but for the first time prayed in the alternative as follows:

"In the alternative, plaintiff prays for judgment against the defendant A. C. Simmons for its principal, interest and attorneys' fees, and, as against the defendants C. W. Hoffman and K. F. Page, plaintiff prays judgment as upon an open account for the casing sold as described with lawful interest on said account, and a foreclosure of its equitable lien as aforesaid, with order to the clerk directing payment of the funds tendered herein."

The defendants Hoffman and Page, by first supplemental answer, assert that the plaintiff, by its first supplemental petition of date February 10, 1926, seeking recovery in the alternative on the account as therein alleged, set up a new cause of action, which was as to them barred by the statute of two years' limitation.

[9] Under our practice, a petition may be subject to a general or a special demurrer; yet, if filed before the expiration of the statutory period of limitation and the same is based upon a proper cause of action described with sufficient certainty as to reasonably apprise the defendant of the same, it is sufficient to interrupt the running of the statutes of limitation. This principle is well established and of frequent application in the courts. The Supreme Court of Texas, in the case of Pope v. K. C., M. & O. Ry. Co., 109 Tex. 311, 207 S. W. 514, stated it thus:

"The principle has been repeatedly applied in Texas to save causes of action from the bar of limitation, when such causes of action were presented in amendments filed after the expiration of the statutory period, notwithstanding the original pleadings, which were filed within the statutory period, were so lacking in averments essential to the statement of a cause of action as to be bad on general demurrer."

See Kinney v. Lee, 10 Tex. 155; Thouvenin v. Lea, 26 Tex. 612; Elmo v. James (Tex. Civ. App.) 282 S. W. 835; Tarkington v. Broussard, 51 Tex. 550; Fuller v. El Paso Times (Tex. Com. App.) 236 S. W. 455; Lauderdale et al. v. Lee et al. (Tex. Com. App.) 276 S. W. 660.

[10] In the light of the foregoing decisions and a careful comparison of the allegations of the plaintiff's original petition with those of the plaintiff's first supplemental petition, it is concluded that no new cause of action was set up in the subsequent pleading, but that such pleading contained a mere amplification of matters sufficiently pleaded in the original pleading to justify the amendment, or the setting up thereof in the subsequent pleading. The appellees' proposition of limitation under the first cross-assignment is overruled.

[11, 12] Appellees' second cross-assignment of error presents a more serious proposition, complaining of the action of the court in sustaining special exceptions to that part of the defendants' supplemental answer seeking to present the plea of estoppel. This portion of the pleading, taken with other parts of the defendants' answer, might, under the authority of Hall v. Johnston, 6 Tex. Civ. App. 110, 24 S. W. 861, and Long v. Patten, 43 Tex. Civ. App. 11, 93 S. W. 519, entitle said defendants Hoffman and Page to a discharge from the liability here asserted against them, on the theory that the plaintiff, having been notified of the dissolution of the original partnership relations between Simmons, Hoffman, and Page, and that Simmons had assumed and agreed to pay the debts of the firm, Hoffman and Page thereby as between themselves and Simmons assuming the relation of sureties, a relation accepted or acquiesced in by the plaintiff, thereafter, without the knowledge or consent of said defendants, granted an extension of time to Simmons on the account. The appellees' assignment is believed to be well taken, and is sustained.

As reflected by the pleadings and the record, there would appear to be but two questions in the case, one arising from the facts plead as an estoppel and above discussed, and the other, the plaintiff's claim that the defendants Hoffman and Page were guilty of such inequitable conduct as would prevent their release from liability on the debt in question. This arises from the testimony of said defendants that Ross, the alleged agent of plaintiff, was given notice by them that they had relinquished their interest in the Western Brokerage & Supply Company and that Simmons had taken over all the assets and liabilities of the concern, agreeing to pay the debts, among them the plaintiff's. This appears to be the only notice brought home to the plaintiff prior to the taking by it of the notes sued on.

The real agreement, testified to and found to be true by the jury, was that Simmons was to take over said assets and pay the firm's debts and distribute to these defendants their pro rata share of the company assets. If the plaintiff had been informed that such was the agreement and that portions of the assets were subject to be withdrawn by Hoffman and Page, it might not have accepted the renewal notes for any purpose. In this connection there is the further issue raised by the pleadings as to whether the subsequent withdrawal of the firm's assets by the defend-

ants Hoffman and Page so impaired Simmons' ability to pay the partnership debts as to render it inequitable for them to assert their release from the plaintiff's debt. These suggestions are made in view of anothr trial, at which time the pleadings will doubtless be recast, presenting the controlling issues.

For the errors indicated, the judgment is reversed, and the cause remanded.