## GILMER v. GRAHAM.

### No. 1282—5743.

Commission of Appeals of Texas, Section B.

July 19, 1932.

John Perkins, of Alpine, and Morriss & Morriss and Reed Cozart, all of San Antonio, for plaintiff in error.

Fuller, Leaverton & Owens, of Alpine, for defendant in error.

LEDDY, J.

Defendant in error brought this suit against plaintiff in error in the district court of Brewster county to recover a commission on the sale of a tract of land situated in said

county, consisting of more than one hundred thousand acres.

He alleged that, after the owner had listed this land with him for sale, he informed defendant in error that the property could be bought at a price of $2.50 per acre net to the owner, and that any commission must be collected from the purchaser; that, after he had given defendant in error the information as to the ownership of the land and price, plaintiff in error purchased said land from the owner, and that he was the efficient and procuring cause of said purchase; that the services rendered the plaintiff in error were at the latter's request and under a contract both express and implied that he would pay a reasonable commission for such services, which defendant in error averred to be 5 per cent. of the purchase price, and his prayer was for judgment for this amount.

He further pleaded, in the alternative, that he and plaintiff in error entered into an oral agreement whereby the land would be sold to one of plaintiff in error's clients at the aforesaid price, and that the commission collected from the purchaser would be divided equally between them; that plaintiff in error falsely and fraudulently represented that he had clients who would purchase such land, and that he, defendant in error, was induced to enter into this contract by reason of such fraudulent representations; that he could have sold said land at the listed price plus a 5 per cent. commission, and would have done so had his partner, plaintiff in error, not violated his agreement and bought the land for himself; that plaintiff in error understood and agreed that the purchaser of the land would pay the commission, and agreed and promised to pay defendant in error a reasonable commission for procuring for him a seller of said land ready, able, and willing to sell, and that, by reason of plaintiff in error being the purchaser of the land and the partnership agreement aforesaid, he was entitled to a judgment for the entire amount of the commission, or, in any event, to a judgment for one-half thereof.

Plaintiff in error filed his plea of privilege in due form to be sued in Edwards county, the county of his residence. A controverting affidavit was filed by defendant in error, in which it was sought to hold venue in Brewster county upon the ground that plaintiff in error had made fraudulent representations in said county in representing that he had a client who would purchase said land, and upon the additional ground that plaintiff in error had established a residence in Brewster county prior to and at the time of the filing of this suit.

Plaintiff in error, under a verified plea, denied the partnership alleged, and specially denied that defendant in error was the

procuring cause of the sale of said land to him. He alleged that, prior to the time he secured the information from defendant in error as to this land, he had already obtained information from other sources that said land was for sale, and he averred that defendant in error was not the procuring cause of his purchase of the land, and further denied that he purchased the land at the price of $2.50 per acre net to the owner, alleging that he paid $2.85 per acre for said land.

In answer to special issues the jury found: (1) That plaintiff in error was a resident of Brewster county at the time of the filing of this suit; (2) that plaintiff in error did not falsely represent to defendant in error that he had a purchaser for such land; (3) that defendant in error did enter into an agreement with plaintiff in error to undertake by joint effort to sell the land and divide the commission; (4) that defendant in error was the procuring cause of the purchase by plaintiff in error; (5) that plaintiff in error took advantage of the services of defendant in error in consummating the sale of the land to himself.

Based upon these answers, the trial court entered judgment overruling the plea of privilege asserted by plaintiff in error, and awarded the defendant in error a judgment against plaintiff in error for the sum of $7,761.90, with legal interest thereon.

This judgment was affirmed by the Court of Civil Appeals. It was decided by that court that the evidence showed as a matter of law defendant in error's suit was properly maintainable in Brewster county, and that he was entitled under the undisputed evidence to recover the amount awarded him.

It is first complained that the trial court erred in refusing to sustain plaintiff in error's motion to try the issue raised by the plea of privilege separately from the issues on the merits of the case. No showing is made that plaintiff in error suffered any injury by reason of being denied a separate hearing on his plea of privilege. As to whether a hearing will be granted on a plea of privilege separate from the trial on the merits rests within the sound discretion of the trial court. Its action in refusing such a hearing will not be revised by the appellate court, in the absence of a showing that the party asserting the plea of privilege has been injured by such ruling. Griffin v. Lynn (Tex. Civ. App.) 3 S.W.(2d) 148; Wichita Mill & Elevator Co. v. Simpson (Tex. Civ. App.) 227 S. W. 352.

It is further contended by plaintiff in error that the undisputed evidence established his residence in Edwards county, and that the trial court erred in not holding that he had established, as a matter of law, his right to be sued in Edwards county. Defendant

in error contends that the evidence showed without dispute that plaintiff in error, at the time of the filing of this suit, had established a residence in both counties; hence he was properly suable in either.

As is usually the case, when both parties to a lawsuit contend that the evidence conclusively establishes their contentions as a matter of law, a jury question is presented. The honorable Court of Civil Appeals fairly presents in its opinion the testimony upon the issue raised by plaintiff in error's plea of privilege. We do not deem it necessary to do more than refer to the statement of the evidence on this issue as set forth in the opinion of that court. 26 S.W.(2d) 687. We conclude, after a full consideration of this evidence, that an issue of fact was raised as to whether plaintiff in error had established a residence in Brewster county so as to entitle the defendant in error to maintain his suit against him in that county. The Court of Civil Appeals erred in holding to the contrary.

Plaintiff in error seasonably objected to that portion of the court's charge upon the burden of proof. It reads: "The burden of proof is on the plaintiff to establish his right to recover herein by a preponderance of the evidence, that is, by the greater weight of credible testimony."

■ We have frequently had occasion to condemn the giving of a charge of this kind where a case is submitted upon special issues. The primary object of the statute providing for the submission of a case upon special issues is to enable a party to procure a finding upon the facts by a jury without its knowledge of the legal effect of such finding. In other words, the jury is not presumed to know what issues are material to establish a plaintiff's right to recover. Such a question is purely one of law. When a case is submitted upon special issues, it is the province of the jury to find the facts submitted to them as they may believe the evidence justifies. When such findings are made, it is for the court to determine the legal effect thereof.

In the case of Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214, decided by Section A of the Commission of Appeals, it was suggested, for the guidance of trial courts, that in submitting a case upon special issues the court should form the questions to the jury: "Do you find from the preponderance of the evidence that" (following with the question to be submitted), so framing the questions as to place the burden upon the proper party. Under such submission it is unnecessary to give any further charge on the burden of proof.

■ Plaintiff in error introduced several witnesses who testified without objection that his reputation for honesty and fair dealing was good in the community in which he resided. This testimony was not admissible if proper objection had been presented. Grant v. Pendley (Tex. Com. App.) 39 S.W. (2d) 596. Over plaintiff in error's objection, the witnesses giving such evidence were required to testify that they had heard of some judgments against him. Defendant in error was also permitted, over proper objection, to offer in evidence various abstracts of judgments recorded against plaintiff in error.

■ The offering of such improper evidence by the defendant in error without objection did not furnish a basis for the admission of improper evidence in rebuttal when objection was urged by plaintiff in error. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; McLane v. Paschal, 74 Tex. 20, 11 S. W. 837; Tex. Jur. vol. 17, § 115.

Plaintiff in error timely objected to the form of special issue No. 3; his ground of objection being that the question thereby submitted was not confined to the pleadings and the evidence. This issue reads as follows: "Did the plaintiff and the defendant enter into an agreement to undertake, by joint effort, to sell the lands described in plaintiff's petition and divide the commission?"

■■ Plaintiff in error's objection to the form of submission of this issue should have been sustained. The case made by defendant in error's pleadings was that the land in question was listed with him for sale upon the basis of $2.50 per acre net to the owner, and that his agreement with plaintiff in error was to divide the commission on the sale price above this amount. Upon the trial defendant in error testified that his agreement with plaintiff in error was based upon $2.50 net to the owner, with the requirement that the purchaser assume a debt against the land which would make the purchase price $2.85 per acre without commission. Plaintiff in error testified that he knew nothing of any indebtedness against the land at the time he made the agreement with defendant in error, and that his agreement was based solely upon plaintiff in error's proposition of $2.50 per acre net to the owner. It thus appears that defendant in error alleged one contract and proved another. The special issue upon this subject permitted the jury to answer in favor of defendant in error upon either the contract alleged or that proven. Upon another trial the court should not permit the defendant in error to recover upon a contract at variance with that alleged in his petition. The issue should be submitted as to whether

these parties entered into the specific agreement alleged in the petition.

We also conclude that the trial court was in error in refusing to permit plaintiff in error to testify that, before he purchased said land, and at a time when he had no intention of purchasing same, he notified defendant in error that he would no longer be bound by his agreement to handle said land on a partnership basis. This testimony was evidently excluded by the trial court upon the theory that the fact proposed to be proven was not specially pleaded. In addition to a general denial, plaintiff in error denied under oath the existence of the partnership alleged by defendant in error. We think the pleading was sufficient to authorize the admission of testimony upon behalf of plaintiff in error tending to prove that there was no partnership in existence at the time he purchased the land for himself.

The agreement set forth in defendant in error's petition constituted what is known in law as a "particular partnership." Such a partnership is defined as "one where the parties have united to share the benefits of a single individual transaction or enterprise." Bates on Partnership, § 12; Spencer v. Jones, 92 Tex. 516, 50 S. W. 118, 71 Am. St. Rep. 870; 47 C. J. p. 644, § 8.

Plaintiff in error had the right to terminate such a partnership, provided it was not done under circumstances which would operate to wrong or defraud his partner. Green v. Waco State Bank, 78 Tex. 2, 14 S. W. 253. He would not, of course, be permitted to terminate the partnership for the fraudulent purpose of acquiring the land in his own behalf.

Plaintiff in error testified that defendant in error had failed to comply with an agreement to divide a commission with him on another real estate deal, and for that reason alone he terminated the partnership agreement involved in this suit. Upon another trial the excluded evidence should be admitted, and the issue as to whether plaintiff in error terminated the partnership agreement in good faith for the reason assigned should be submitted for the determination of the jury.

A number of other questions are urged by plaintiff in error which we do not discuss because it is believed they are not of such a nature as to constitute reversible error.

For the reasons indicated, we recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.