### COLLINS et al. v. GEE.

No. 10069.

Court of Civil Appeals of Texas.
San Antonio.

June 16, 1937.

Rehearing Denied July 21, 1937.

Kleberg, Eckhardt & Lowe and Jones & Kirkham, all of Corpus Christi, for appellants.

John C. North, of Corpus Christi, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

SMITH, Chief Justice.

H. H. Collins, Carr P. Collins, John L. Horan, and H. W. Gee, all citizens of Dallas, and close friends as well as business associates for many years, purchased, in 1929, a tract of farm land in Nueces county, upon which an insurance company held a mortgage lien to secure their indebtedness of approximately $23,000. The owners conveyed the title to the land to the American Trust Company, which held it in trust for them. The owners operated the land and divided the revenues derived therefrom among themselves, according to their several respective interests, which differed in amounts. The venture proved unsuccessful, and the owners were all anxious to get out of it with as little loss as possible. To that end, acting through the personal efforts of Gee, they entered into a written agreement with the mortgagee, in March, 1934, that the latter take back the property and relieve the owners of any further liability in the transaction. In pursuance of that agreement, the mortgagee proceeded to foreclose its lien upon the land, which it bought in at the ensuing sale, on May 1, 1934. On that date Gee was in San Antonio, at the instance of his associates, to see that they were protected in the agreement that they be quit of their project, and fully and finally relieved of all liability to the mortgagee, and to that end Gee called upon the mortgagee's agent for such assurance, which was given him. At the same time Gee learned from the agent that, if he desired, he (the said Gee) would be allowed to repurchase said farm from the mortgagee at a price of $7,500 under the amount of the debt for which the lien had been foreclosed. Gee was interested, and after a month's negotiations purchased the property for himself, at an advantageous price, without consulting his former associates. Afterwards, two of his former associates, H. H. and Carr P. Collins, brought this action against Gee and sought to impress upon the property a

trust for their benefit in the same proportions of interest they formerly had therein. In other words, H. H. Collins had formerly owned 58.135 per cent. interest in the property, and Carr P. Collins 27.528 per cent. interest, and in this suit they sought to establish to themselves like interests therein, upon the ground that the parties had previously owned and operated the property as partners, and that, although in the meantime it had reverted to the mortgagee, they were entitled to share in the benefits their former associate, Gee, had thereafter acquired by the repurchase. The cause was tried to a jury, upon whose findings judgment was rendered that the Collines take nothing, and they have appealed.

Appellants' position is that the parties were partners in purchasing and operating the property; that, when appellee learned, after the sale and conveyance of the property to the mortgagee, that it could be repurchased at a favorable price, it was his duty to communicate the fact to appellants, and give them an opportunity to join him in the repurchase; that, appellee having failed in that duty and purchased the property for himself and to his own great advantage, he should be required to disgorge to appellants to the extent of their original proportionate interests in the property, to wit: 58+ and 27+ per cent. thereof, or a total of 85 per cent.

We are of the opinion that the judgment denying recovery to appellants upon that contention should be affirmed. The record shows, conclusively, that appellants were weary of the burden of ownership of the property, and were anxious to be quit of it for all purposes, and made known that attitude to appellee. They joined appellee in an agreement that the mortgagee foreclose against them and take the property without further liability to them, and this was done. Both appellants and appellee alike thereby voluntarily parted with every vestige of interest or title to the property, and in our opinion this left each of them free to thereafter deal with the property in any way he saw fit, and under no duty to notify or consult his former associates, or account to them. That being the status of the parties, and appellee having repurchased the property at his own risk and with his own resources, appellants are not entitled, after waiting until the venture proved fruitful, to require appellee to share the profits of his investment with them. This is so, whether the parties are to be regarded as having been simple joint owners, joint adventurers, cotenants, or partners, in the original transaction, since, without any inducement upon Gee's part, the venture had been completely terminated, and the relationship of the parties therein dissolved, when they finally parted with all title and possession of the subject matter of the venture. 1 Tiffany on Real Property (2d Ed.) p. 692; Starkweather v. Jenner, 216 U.S. 524, 30 S.Ct. 382, 54 L.Ed. 602, 17 Ann.Cas. 1167; Ball v. Britton, 58 Tex. 57; Green v. Hall (Tex.Com. App.) 228 S.W. 183; Roberts v. Nunn (Tex.Civ.App.) 169 S.W. 1086 (writ refused); Bush v. Bush (Tex.Civ.App.) 275 S.W. 1096; Nevill v. Hinkle (Tex.Civ. App.) 276 S.W. 324; Evans v. Carter (Tex.Civ.App.) 176 S.W. 749; Lubbock, etc., Co. v. Ferguson (Tex.Civ.App.) 227 S.W. 539.

We are of the opinion that the trial court could have rendered no other judgment than that appealed from. All of appellants' assignments of error will be overruled and the judgment affirmed.