## WICHITA MILL & ELEVATOR CO. v. SIMPSON et al.  (No. 1738.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 12, 1921. Rehearing Denied Feb. 2, 1921.)

1. **Abatement and revival** ⟾84—**Plea of privilege as against one defendant held waived by answering to cross-bill of another.**

Where plaintiff was given a judgment against a partnership, and the partnership a judgment against T., and T. against the defendant appellant, T. was, in respect to his cross-action against appellant, a plaintiff controlling the cause as an independent suit, and by answering the cross-action on the merits appellant waived his plea of special privilege as against the defendant partnership.

2. **Pleading** ⟾111—**Determination of plea of privilege at hearing on merits held within court's discretion.**

There is nothing in Vernon's Ann. Civ. St. Supp. 1918, art. 1903, which expressly requires the court to determine a plea of privilege in advance of the trial on the merits, where the evidence thereon would disclose the facts necessary to determine the fact questions raised by the plea and controverting affidavit, and such a determination of the plea was in the discretion of the court.

3. **Parties** ⟾96(4)—**Plea of misjoinder held waived by answer to the merits.**

Where plaintiff sued a partnership, which filed a cross-complaint against T., who in turn filed a cross-complaint against an elevator company, the latter's plea of misjoinder to the

cross-action of the partnership *held* waived by its answer on the merits to the cross-complaint of T.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by A. C. Wright against Bounds & Simpson, who answered, making T. W. Thomas a defendant, who in turn answered, making the Wichita Mill & Elevator Company a defendant. Judgment for plaintiff against the defendants Bounds & Simpson, and in the latter's favor against the defendant Thomas, and in Thomas' favor against the defendant Elevator Company, and the last-named defendant appeals. Affirmed.

Mathis & Caldwell, of Wichita Falls, for appellant.

Percy Spencer and Vickers & Campbell, all of Lubbock, for appellees.

BOYCE, J. A. C. Wright sued Bounds & Simpson in the district court of Lubbock county, alleging that the plaintiff, in February of the year 1919, bought of the said defendant certain seed wheat for sowing on 26 acres of land owned by plaintiff, and situated in Lubbock county, Tex.; that the seed were sold for spring wheat, a variety of wheat which, if sown in the spring of the year, will mature during the following season; that the seed as sold were winter wheat, a variety of wheat which would not mature a crop if sown in the spring; that the crop springing from the winter wheat seed furnished by the defendants and sown by the plaintiff was valueless, wherefore plaintiff prayed for recovery of damages. Bounds & Simpson answered, and made T. W. Thomas, of Lubbock county, Tex., and the Wichita Mill & Elevator Company, a corporation having its principal office in Wichita county, Tex., defendants. They alleged that they applied to the said T. W. Thomas, who was in the grain business at Lubbock, for the purchase of the seed with which to fill the plaintiff's order, and were informed by the said Thomas that he did not have the seed in stock, but could secure the same from the Wichita Mill & Elevator Company, and it was thereupon agreed that he would order or purchase the seed from said company for the said Bounds & Simpson; that the said Thomas did order or purchase the said seed wheat from the said Wichita Mill & Elevator Company, such seed wheat being shipped from Wichita Falls to the said Thomas at Lubbock, Tex., the said company drawing on the said Thomas at Lubbock for the purchase price thereof, attaching bill of lading of shipment to its said draft, and that the said Thomas paid said draft at Lubbock, Tex.; that in due course the wheat was delivered to the said Bounds & Simpson, through the said Thomas. Said defendants prayed that in the event the plaintiff recovered of them

227 S.W.—23

they recover over against the said Thomas and the Wichita Mill & Elevator Company jointly and severally, or severally, according as they might be entitled under the facts. The Wichita Mill & Elevator Company filed its answer on June 7, 1920. This answer consisted of plea of privilege, plea of misjoinder, exceptions, and general and special answers. Bounds & Simpson filed a controverting affidavit to the plea of privilege. The pleas of privilege and misjoinder and the exceptions were submitted to the court on July 27th, at which time the plea of misjoinder and the exceptions were overruled, but the court at such time "refused to either sustain or overrule said plea of privilege, but took same under advisement to determine after the evidence in the main cause was submitted," and thereafter, upon conclusion of the trial of the case on the merits, overruled the plea. The defendant Thomas filed his answer and cross-action on the 27th of July. In this pleading he set up the facts substantially as alleged by Bounds & Simpson and prayed that, in the event judgment should be rendered against him in favor of Bounds & Simpson, he recover over against the Wichita Mill & Elevator Company. On July 28th the Wichita Mill & Elevator Company answered this cross-action of the defendant Thomas, the answer consisting of general and special denials.

On trial evidence was offered in support of the facts pleaded by the plaintiff and by the respective defendants and judgment rendered in favor of the plaintiff against the defendants Bounds & Simpson, in favor of the said Bounds & Simpson over against the said Thomas, and in favor of the said Thomas, over against the Wichita Mill & Elevator Company. The last-named defendant alone appeals from this judgment.

[1] The first four assignments complain of the overruling of appellant's plea of privilege to the cross-action of the defendants Bounds & Simpson. We think these assignments should be overruled. The said Bounds & Simpson obtained no judgment against the appellant. The defendant Thomas had judgment on his cross-action, but the appellant filed no plea of privilege to the cross-action of said defendant, but, as stated, answered said Thomas' cross-action by general denial, etc. The appellant, among other things, had pleaded that there was no privity of contract between Bounds & Simpson and the appellant, and the court probably sustained this position because no judgment was rendered in favor of Bounds & Simpson against the appellant; but there was unquestionably a privity of contract between the defendant Thomas and the appellant, and the said Thomas was in a different position from the other parties as to the maintenance of the suit against appellant. A defendant filing a cross-action against one of the parties to

the suit is in that respect a plaintiff, controlling the cause of action thus set up, as an independent suit. Johnson v. Fraser, 92 S. W. 49; Harris v. Schinke, 95 Tex. 88, 65 S. W. 172. Since the cause of action, if any, which said Thomas had against the appellant is regarded as an independent action, we think the answer of the appellant to this cross-action, without pleading its privilege to be sued in Wichita county thereon, is a waiver of the plea of privilege as to such cause of action, and therefore the appellant is not in a position to complain of the judgment rendered in favor of the said Thomas, even if its plea of privilege to the cross-action of the defendants Bounds & Simpson was good.

[2] We place our decision on this ground; but we may add that we are not convinced that the defendants Bounds & Simpson did not have the right to maintain the cross-action alleged by them against the appellant in Lubbock county. Pittman & Harrison Co. v. Boatenhamer, 210 S. W. 972; Beaumont Cotton Oil Co. v. Hester, 210 S. W. 703. See, also, Floresville Oil & Mfg. Co. v. Texas Refining Co., 118 S. W. 194, and People's Ice Co. v. Interstate Cotton Oil Co., 182 S. W. 1163. The case first cited is by this court and is directly in point. However, the decision seems to be in conflict with that of the case of Texas Seed & Floral Co. v. Schnoutze, 209 S. W. 495. In this connection the appellant contends that the trial court had no right to consider, in deciding the plea of privilege, the evidence introduced on the trial of the case, but that it was the duty of the court, upon the presentation of the plea of privilege, and before entering upon the trial of the case, to render a decision on the plea, and that, as the plea itself was prima facie evidence of plaintiff's right to the change of venue on the cross-action of Bounds & Simpson, and as Bounds & Simpson at that time offered no evidence in support of their controverting affidavit, it was the duty of the court at such time, as a matter of law, to sustain the plea. We are not prepared to agree to this contention. There is nothing in the present law (article 1903, Vernon's Civil Statutes, 1918 Supp.) which expressly requires the court to determine the plea of privilege in advance of the trial on the merits, and we think that under the present law, as under the old, the matter of the time and manner of hearing and determining the plea of privilege is largely within the discretion of the trial judge, and if in the opinion of the trial judge it should appear more convenient to hear such plea in connection with the trial of the case on its merits, such action would not in all cases be error. It is apparent that the trial of this case on the merits was inevitable. The plaintiff had a cause of action against Bounds

& Simpson that certainly could not be transferred to Wichita county for trial; neither could the court have transferred the cross-action of Bounds & Simpson against the defendant Thomas. Since the evidence on the trial of the case on its merits would disclose the facts necessary to determine the questions raised by the plea of privilege and the controverting affidavit, we think the trial court was within the bounds of his discretion in determining to hear all of the evidence together.

[3] The other assignment complains of the overruling of the appellant's plea of misjoinder to the cross-action of the defendants Bounds & Simpson. We think this should be overruled for the same reasons first stated in discussing the assignments complaining of the action of the court in overruling appellant's plea of privilege.

The judgment of the trial court should be affirmed.