**REDUS et al. v. KNOX.　(No. 7179.)**

Court of Civil Appeals of Texas.　Austin.
Dec. 14, 1927.

Rehearing Denied Jan. 4, 1928.

**Pleading ⚏110—Plea of privilege held waived by party, when entitled to have it granted, appearing and agreeing to judgment (Rev. St. 1925, arts. 2007, 2008).**

Under Rev. St. 1925, arts. 2007, 2008, as to plea of privilege and hearing thereon, plaintiffs waived such plea, filed to the cross-action after they had dismissed their original cause of action, by appearing in the court without calling court's attention to such plea, which they were at the time entitled to have granted because of controverting affidavit not being filed in prescribed time, and agreeing that judgment be entered on the cross-action against them, finally disposing thereof, and later opposing motion to set aside the judgment.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by J. O. Redus and others against W. C. Knox. From judgment overruling plaintiffs' plea of privilege filed to the cross-action after dismissal of the original cause of action, plaintiffs appeal. Affirmed.

See, also, 290 S. W. 823.

Briscoe & Morris, of San Antonio, and David C. Brown, of Devine, for appellants.

Hart, Patterson & Hart and Hardy Hollers, all of Austin, for appellee.

BAUGH, J. This is an appeal from a judgment of the district court of Travis county overruling appellants' plea of privilege to be sued in Medina county, Tex. The controlling issue on this appeal is whether or not appellants waived their plea of privilege.

The material facts involved are substantially as follows:

The original suit of J. O. Redus and J. R. Howard, filed in the district court of Medina county against appellee Knox for damages and to enjoin him from drilling a well on certain lands in Medina county, was, upon W. C. Knox's plea of privilege filed there, transferred to the district court of Travis county. It was filed in the district court of Travis county on February 24, 1927. On February 25, 1927, Knox filed his answer and cross-action against appellants for $40,000 damages. Appearance day for said suit was March 8, 1927. On March 5, 1927, appellants, plaintiffs below, filed their motion to dismiss their original cause of action against Knox, which motion was granted by the trial court on March 8, 1927. On the same day they filed their plea of privilege to be sued in Medina county, the county of their residence, on Knox's cross-action. On April 19, 1927, Knox filed his contest of said plea of privilege, and hearing thereon was set down for April 28,

1927, at which time the court overruled said plea of privilege. In the meantime, however, on March 15, 1927, the appellants appeared in the district court of Travis county, and, without calling the court's attention to their plea of privilege then on file, or in any manner insisting on same, agreed that a judgment be entered on Knox's cross-action against them, finally disposing of the same, and reciting payment by them to Knox in the sum of $500. On March 17th appellee, Knox, filed a motion to set aside said judgment so entered, on the ground that settlement was made and judgment entered by his attorneys without his knowledge or consent, and without authority to do so. This motion by Knox was resisted by appellants, who sought to uphold the judgment entered therein on the merits in said cross-action. They asked, in the alternative, that, if said motion be sustained, and the cross-action reinstated, then that same be transferred to the district court of Medina county in accordance with their plea of privilege then on file. The trial court, after a hearing upon said motion, set said judgment aside on April 16, 1927, which was the first date on which appellants had called to the attention of the trial court their plea of privilege or insisted that same be granted.

Appellants cite us to numerous cases holding that, where plea of privilege is filed, and no controverting affidavit is filed contesting same within the time and in the manner prescribed by the statute (articles 2007, 2008, Revised Statutes 1925), the trial court is without jurisdiction to enter any order, except one transferring such cause of action to the county of the complaining party's residence, citing especially Craig v. Pittman (Tex. Com. App.) 250 S. W. 667; Davis v. Southland Oil Co. (Tex. Civ. App.) 259 S. W. 298; and Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174.

This proposition is so clearly set out in the statute itself, and has been so often discussed by the courts, that we deem it unnecessary to consider the matter further here. Under the more recent decisions of the courts it now seems settled that the filing of the plea of privilege, even where no controverting plea is filed, does not automatically deprive the trial court of all jurisdiction over the parties and the subject-matter. It is still within the power of the parties filing such plea of privilege, prior to action thereon by the trial court, to withdraw said plea, or waive it, and submit themselves to the jurisdiction of the court. When appellants came into the district court of Travis county on March 15th, seven days after appearance day, and voluntarily made themselves parties to an agreed judgment in favor of the adverse party, Knox, which was in effect a final judgment on his cross-action, they submitted themselves to the jurisdiction of the Travis coun-

ty district court. No contention is made that they were fraudulently induced to do so. At that time they were entitled to have their plea of privilege granted. They chose, however, to finally adjudicate the matter by an agreed judgment on the merits in Travis county rather than to insist upon their rights in the matter. Not only did they submit to the jurisdiction of the Travis county district court in entering said agreed judgment, but, when motion was made to set that judgment aside, they appeared and resisted said motion, and made their plea of privilege then on file subject to the trial court's action thereon. This action also constituted a waiver on the question of venue.

Under these circumstances, it was immaterial when the Knox controverting plea was filed, or whether the appellants had the ten days' notice of hearing thereof prescribed by statute. After they had waived their plea of privilege, it was not necessary for appellee to file any controverting plea. The facts of this case bring it clearly within the rule laid down in Bailey v. Federal Supply Co. (Tex. Com. App.) 287 S. W. 1090, and in Sibley v. Continental Supply Co., 292 S. W. 155, a memorandum opinion by the Supreme Court. The facts in the case last cited are stated by the Court of Civil Appeals in 290 S. W. 769.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.