### ALLEN MOTOR SALES CO. v. JOHNSON.
### No. 2893.

Court of Civil Appeals of Texas. El Paso.
Nov. 2, 1933.

Rehearing Denied Nov. 23, 1933.

Upton & Upton, of San Angelo, and W. C. Jackson, of Fort Stockton, for appellant.

R. D. Blaydes, of Fort Stockton, for appellee.

HIGGINS, Justice.

Johnson brought this suit in a justice court of Pecos county against Allen Motor Sales Company to recover $200.

Defendant filed plea in statutory form claiming its privilege to be sued in justice precinct No. 1 of Tom Green county.

Plaintiff filed controverting affidavit seeking to sustain the venue as laid.

On December 5th the case was tried in the justice court, the plea of privilege overruled and judgment upon the merits rendered in favor of the plaintiff.

Defendant appealed to the county court where the plea was again overruled and the case immediately proceeded to trial upon the merits resulting in judgment for the plaintiff.

Appellant attacks the sufficiency of the affidavit controverting the plea of privilege; also attacks the sufficiency of the evidence to support the ruling upon the plea. As to this we need not inquire for the record of the proceedings in the justice court discloses a waiver there of the plea of privilege.

The judgment in the justice court shows that when the case was regularly reached for trial on December 5th, the defendant appeared by its representative and attorney and announced ready for trial, whereupon the case was submitted to a jury which returned a verdict in favor of the plaintiff for the sum of $200. The judgment then recites that the plea of privilege was therefore overruled. It then proceeds to render judgment in the plaintiff's favor for $200. There is nothing to suggest that the defendant invoked the court's ruling upon the plea of privilege be-

fore voluntarily proceeding to trial upon the merits.

The import of the recitals in the justice court judgment is that a ruling upon the plea was not invoked before so proceeding to trial upon the merits. Under such circumstances the plea of privilege was waived. O'Neal v. Texas B. & T. Co., 118 Tex. 133, 11 S.W.(2d) 791; Redus v. Knox (Tex. Civ. App.) 2 S.W. (2d) 346; Lindley v. Bank (Tex. Civ. App.) 264 S. W. 159.

The sum sued for is the proceeds of a certain note in favor of the Allen Motor Sales Company executed by one Baldridge. The proceeds of the note were converted by the former sales manager of appellant's business at McCamey. Appellant is engaged in selling automobiles having a place of business at the place last named. The sales manager at McCamey had charge of the business there. Appellant questions the sufficiency of the evidence to show the authority of such manager to act for and bind it in the transaction out of which the litigation arose. Appellant's president denied that the sales manager had such authority.

Plaintiff owned a LaSalle car. He desired to buy another car from appellant and to trade in the LaSalle. Appellee and the McCamey sales manager went to see appellant's president at San Angelo concerning the matter. The president said he could not handle the LaSalle and it was then suggested that the LaSalle be traded for a smaller car and appellant could take in the smaller car as part payment on a new car. Without going into further details, it is sufficient to say that after the visit to San Angelo, the said McCamey manager and a salesman of appellant at Iraan negotiated a trade for appellee's LaSalle with Baldridge whereby the latter gave the note mentioned in appellant's favor. In this note appellee had an interest amounting to $200, which is the sum sued for.

It is a matter of common knowledge that automobiles are sold on credit in most instances and that sales usually involve trades of old cars. The transaction in this case was simply a way of getting rid of appellee's LaSalle so that appellant could sell appellee another car. The details were perhaps somewhat out of the ordinary, but the transaction as a whole was in the ordinary course of appellant's business at McCamey and in our opinion the manager at McCamey acted clearly within the scope of his implied authority as the manager of appellant's business at McCamey. Such being the case, appellant is bound by the acts of such manager and must answer therefor to the plaintiff. This view disposes of all propositions submitted by appellant relating to the case upon its merits.

Affirmed.

## On Motion for Rehearing.

Appellant calls attention to a statement in appellee's brief "that the Justice Court, after defendant's Plea of Privilege was overruled, proceeded to trial on the merits."

This admission by appellee cannot aid appellant for the appeal must be disposed of upon the record. The admission contradicts the record which this court must accept as correct. 3 Tex. Jur., Appeal and Error, §§ 308 and 557; Central P. & L. Co. v. Willacy County (Tex. Civ. App.) 14 S.W.(2d) 102; Sanchez v. Ry. Co. (Tex. Civ. App.) 90 S. W. 689, and other cases cited in notes to above-cited sections in Texas Jurisprudence.

Our ruling is not in conflict with those cases which hold that in the discretion of the court a plea of privilege may be heard in connection with the hearing upon the merits. Gilmer v. Graham (Tex. Com. App.) 52 S.W. (2d) 263; Wichita M. & E. Co. v. Simpson (Tex. Civ. App.) 227 S. W. 352.

Such action, under the direction of the trial court, is very different from a case where the one pleading his privilege voluntarily proceeds to trial upon the merits without first invoking a ruling upon his plea.

Due consideration has been given other matters presented in the motion for rehearing, but we adhere to our original ruling and think the question calls for no further discussion.

The motion for rehearing is overruled.