## NEWLIN v. SMITH.
### No. 3651.

Court of Civil Appeals of Texas. Beaumont.
July 3, 1940.

Rehearing Denied July 24, 1940.

C. A. Lord, of Beaumont, and Ewell H. Muse, Jr., of Austin, for appellant.

Lamar Cecil, of Beaumont, and H. M. Kinard, of Orange, for appellee.

WALKER, Chief Justice.

M. O. Newlin, doing business as Newlin Truck Lines, is appellant; W. B. Smith is appellee. On or about the 20th day of October, 1938, in a collision in Orange county between an automobile driven by appellee's wife and one of appellant's trucks, Mrs. Smith received severe personal injuries. This suit was by appellee against appellant for the damages suffered by his wife. For cause of action he plead ten specific acts of negligence against appellant, each constituting a proximate cause of Mrs. Smith's injuries. Appellant answered by plea of privilege to be sued in Harris county and, subject to his plea of privilege, by demurrers, general denial, pleas of contributory negligence, etc. On the verdict of the jury, finding in his favor on the specific issues of negligence submitted and against appellant on the issues of contributory negligence, judgment was rendered in appellee's favor against appellant for the sum of $5,100, the damages assessed by the jury.

As the first step in the trial of this case, the lower court heard and overruled appellant's "motion for a trial on the plea of privilege separate and apart from the trial on the merits." This motion was overruled and the case was tried on its merits, with judgment as stated above.

■■ Appellant's first point, presented simply as a naked legal right, is that the court erred in not granting him a trial on his plea "separate and apart from the trial on the merits." On the undisputed facts, venue was properly laid in Orange county under Section 9 of Article 1995:

"*Crime or trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

There is nothing in the record to indicate that appellant suffered the least injury by the trial of his plea of privilege, together with the case on its merits. On authority of Gilmer v. Graham, Tex.Com.App., 52 S.W.2d 263, 264, appellant's contention is overruled. In that case the court said: "It is first complained that the trial court erred in refusing to sustain plaintiff in error's motion to try the issue raised by the plea of privilege separately from the issues on the merits of the case. No showing is made that plaintiff in error suffered any injury by reason of being denied a separate hearing on his plea of privilege. As to whether a hearing will be granted on a plea of privilege separate from the trial on the merits rests within the sound discretion of the trial court. Its action in refusing such a hearing will not be revised by the appellate court, in the absence of a showing that the party asserting the plea of privilege has been injured by such ruling. Griffin v. Linn (Tex.Civ.App.) 3 S.W.2d 148; Wichita Mill & Elevator Co. v. Simpson (Tex.Civ.App.) 227 S.W. 352."

See, also, Wichita Mill & Elevator Co. v. Simpson et al., Tex.Civ.App., 227 S.W. 352; Producers' Oil Co. v. Daniels, Tex. Civ.App., 249 S.W. 308; De Mars v. Montez, Tex.Civ.App., 277 S.W. 402; Gregg v. De Shong, Tex.Civ.App., 107 S. W.2d 893. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, does not overrule or limit the holding of the Graham case on this point. The cases cited by appellant, as sustaining his contention, were decided on authority of Compton v. Elliott, on a construction of that case with which we do not agree, that, as a matter of law, appellant was entitled to a trial of his plea of privilege before the case was tried on its merits.

■ The jury convicted appellant of negligence, proximately causing the accident, in driving his truck at a rate of speed in excess of 25 miles per hour, in failing to drive his truck "upon his right-hand side of the highway," in failing to give Mrs. Smith "one-half of the road," in failing "to keep a proper lookout for Mrs. Smith," in driving his truck into appellee's automobile while it "was occupying its right-hand side of the highway," in fail-

ing to drive his truck "to the right immediately prior to the time of the collision." Appellant assigns error against the submission of these issues on the ground that they were not raised by the evidence, and that the jury's answers against him were against the great weight and preponderance of the evidence, and were without support in the evidence. These assignments are overruled. Appellant's truck, with its trailer, was about seven feet wide and practically occupied one-half of the road; it had a tonnage capacity of about 20,000 pounds. The evidence so overwhelmingly supports the submission of these issues, and of the jury's answers thereto, that it would serve no useful purpose to bring forward the evidence as a part of this opinion.

On authority of Missouri Pac. R. Co. v. Somers, 78 Tex. 439, 14 S.W. 779, appellant asserts that he was entitled to an instructed verdict because of a conflict on one point between the testimony given by Mrs. Smith by deposition and her testimony as given on the witness stand. This contention is overruled. If the conflict be conceded, it went only to the weight and credibility of Mrs. Smith's testimony.

■ We overrule the contention that appellant was entitled to an instructed verdict on the theory that Mrs. Smith was guilty of contributory negligence, as a matter of law, because, after testifying that she was blinded by the approaching headlights, she did not testify 'to any affirmative act done by her for her own safety. The weight of this testimony was for the jury on the issues of contributory negligence.

■ Appellant assigns error against the refusal of the court to submit certain requested issues on the theory of Mrs. Smith's contributory negligence. Of these issues, he says: "In other words, the trial court submitted the identical theory in so far as it would allow a recovery by the appellee, but on the request of the appellant, who had pleaded the same acts as contributory negligence, totally failed and refused to submit the defensive theory based on the evidence in the record showing that appellee ran into appellant's truck while such truck was on the right hand side of the road." It thus appears that his issues merely submitted the converse of the issues submitted by the court's charge. This ruling by the court was not error. Texas Employers' Ins. Ass'n v. White, Tex.Civ. App., 32 S.W.2d 955.

■■ Appellant predicates error on his bill of exception No. 3, from which we quote:

"Be it remembered that upon the trial of the above entitled and numbered cause on the second day of October, 1939, and after the conclusion of the evidence and after the special issues were submitted to the jury, one of Plaintiff's attorneys, Hollis Kinard, while he was making his closing argument to the jury, told the jury that questions from 1 to 26 should all be answered 'Yes,' and he told the jury that they would find some questions with 'X marks' after the number of the questions, and told the jury that special issues 1-X and 3-X and so forth, throughout the special issues to which the letter 'X' was affixed, should be answered 'No', * * * and said to the jury:

" 'There are some thirty some odd issues here—thirty-two—I want to talk to you about those collectively just a minute. They are numbered from one to thirty-two consecutively; and from one to twenty-six; I submit to you that under the evidence in this case that you heard from the witness stand, and His Honor's Charge, you are entitled to answer yes.'

* * * * * *

" 'Gentlemen of the jury, I want to take one question at the time and consider them as such. * * * I submit to you under the evidence you heard in this case that the first twenty-six of those questions you are entitled to answer yes.

* * * * * *

" 'I submit to you, gentlemen of the jury, you will find some questions, 1–X and 3–X and so forth. Now, I want you to consider each of those questions separately, but I submit to you under the evidence in this case all those questions requiring an answer ought to be answered no; and in behalf of that little woman we ask you to answer then that way under the evidence you have heard from that witness stand.' "

The proposition is that "the court erred in failing and refusing to grant a new trial because of such argument on the ground that such argument of counsel told the jury the effect of their answers and requested the jurors to answer the issues favorable to the plaintiff and therefore constituted misconduct prejudicial to appellant on the part of appellee's counsel." This proposition is overruled. The argument did not request the jurors to answer the issues fa-

vorable to appellee, nor did it advise the jury the effect of their answers. The issues referred to in this argument submitted Mrs. Smith's contributory negligence. These issues could have been answered in her favor, yet, on the answers submitting appellant's negligence, appellee might have lost his case. Mr. Kinard was of counsel for "that little woman," and the jury knew that fact. He was making his address to the jury "in behalf of that little woman." He had no other office before the jury. His argument was not impassioned, but was a simple statement of a simple fact. There was nothing in his argument to arouse the prejudice of the jury against appellant, nor its bias in favor of appellee. Mr. Kinard told the jury that he wanted them "to consider each of those questions separately," and to answer such questions "yes," "under the evidence in this case that you heard from the witness stand," and that certain other of the questions should be answered "no," "under the evidence in this case." In Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, 310, the Commission of Appeals said: "Broadly speaking, counsel may exercise the right to advise the jury how, in his opinion, from the evidence, the issue submitted should be answered. He may specifically say issues from 1 to 20 should be answered 'yes,' or issues from 21 to 35 should be answered 'no,' but it would be highly improper for counsel to appeal to the jury that if they wanted plaintiff or defendant to recover in the suit to answer the issues in a certain way."

Mr. Kinard's argument has affirmative support in the Bankston case, and violates no proposition announced therein. His argument has support in the following cases. Dallas Ry. & Terminal Co. v. Price, Tex.Civ.App., 94 S.W.2d 884; Miller v. Wyrick, Tex.Civ.App., 96 S.W.2d 253; American Grocery Co., Inc., v. Abraham, Tex.Civ.App., 94 S.W.2d 1231; Phœnix Refining Co., Inc., v. Muller, Tex.Civ.App., 109 S.W.2d 766; International-Great Northern R. Co. v. Pence et al., Tex.Civ. App., 113 S.W.2d 206. The following proposition by Mr. Justice Combs, of this court, in Wells v. Henderson, 78 S.W.2d 683, 690, has met with general approval by the Bench and Bar: "But we think there is still left some legitimate function for argument of counsel in discussing issues before a jury, and that the rules do not yet require that an attorney shall so present

his client's case that it would be necessary for a bystander to inquire when he is through which side of the case he is on in order to ascertain such fact."

McFaddin v. Hebert, 118 Tex. 314, 15 S. W.2d 213, is the leading authority in this state for reversing cases for improper argument. Nothing in the argument in the case at bar is condemned by McFaddin v. Hebert.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.